HENRY C. KENYON, p. a. *vs.* ROBERT HAYHURST, Admr.

JUNE 23, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Probate Law.   Claim of Administrator Against Estate.   Notice.*

A probate court is not required to give notice to parties interested of a claim filed by an executor or administrator against the estate under Gen. Laws, 1909, cap. 314, § 10, before determining it, but it may in its discretion order notice to be so given.

(2) *Insane Persons.   Accident and Mistake.   Probate Law.*

A person of unsound mind at the time of the entry of and during the time within which an appeal might have been taken from a decree by a probate court in an estate in which he is a party interested, does not have the notice and knowledge of the proceedings imputed to a person of full legal capacity, and that condition of disability presents such a situation of accident, mistake or unforeseen cause as would warrant relief under Gen. Laws, 1909, cap. 297, § 3, if it appears that justice requires a revision of the cause, but a petition filed by his next friend asking such relief should specifically aver that he was of unsound mind during the period within which an appeal might have been claimed.

(3) *Insane Persons.   Accident and Mistake.   Probate Law.*

A petition filed for relief under Gen. Laws, 1909, cap. 297, § 3, from a decree of a probate court on behalf of a party in interest who was of unsound mind during the period within which the claim of appeal should have been made does not depend upon the fact that the decree was procured by fraud or that all the provisions of law were not duly complied with.

PETITION for relief under Gen. Laws, 1909, cap. 297, § 3, and granted.

SWEETLAND, J.   The above entitled case is a petition for leave to appeal from a decree of the municipal court of the city of Providence, a court exercising probate jurisdiction. The case is now before us upon the respondent's motion to dismiss the petition.

On June 5, 1905, Robert Hayhurst of Cranston was appointed administrator of the estate in Rhode Island of his wife Marietta K. Hayhurst, late of Mansfield, in the commonwealth of Massachusetts, deceased.   Within six months after his appointment said administrator filed in said municipal court a claim which he had against the intestate in her lifetime, amounting to $214.20 with interest.   This claim he filed in accordance with the provisions of Section 10, Chapter 314, Gen. Laws, 1909, which section is as follows:   "If an executor or administrator shall file a claim which he had against the testator or intestate in his lifetime, the probate court shall examine and determine such claim.   If there is a co-executor, or co-administrator, he shall represent the estate at such hearing; otherwise the probate court may appoint some person to represent the estate."

No action was taken upon this claim by the municipal court until February 13, 1912, when said court appointed a person to represent the estate and, after examining the claim upon evidence presented, by decree entered that day determined that said claim, with interest to the amount of $102.72, making a total of $316.92, was valid.   No appeal was claimed from this decree within forty days, the period prescribed by statute within which an appeal must be claimed from the decree of a probate court.

This petition is filed in the name of the petitioner by his next friend, within one year after the entry of said decree under the provisions of Section 3, Chapter 297, Gen. Laws, 1909.   Said Section 3, Chapter 297, among other things, provides that when any person is aggrieved by any order or

decree of any probate court and from accident, mistake, unforeseen cause or lack of evidence newly discovered has failed to claim or prosecute his appeal the Supreme Court, if it appears that justice requires a revision of the cause, may, upon petition filed within one year after the entry of said order or decree, allow an appeal to be taken and prosecuted upon such terms and conditions as the court may prescribe. The petitioner represents that he is a person of unsound mind; that he is an heir at law of said Marietta K. Hayhurst, and entitled as said heir to one-half of her estate; that he had no notice of said hearing before the municipal court nor of the entry of said decree until after the time had elapsed within which an appeal might have been claimed under the statute; that he is aggrieved by the entry of said decree and desires to appeal therefrom; and that "he has failed to claim an appeal therefrom from accident, mistake and unforeseen cause, to wit, that he had no opportunity to be heard through lack of notice." The respondent moves that the petition be dismissed on the ground that it is not alleged therein that fraud or deception of any kind was employed in procuring the allowance of said claim or that all the provisions of law were not duly complied with.

(1) We find no provision of the statute which requires a probate court to give notice to parties interested before proceeding to examine and determine a claim of this nature. The court in its discretion may order notice to be given to interested parties before taking such proceedings. If, however, the petitioner was of unsound mind at the time of the entry of said decree and during the period within which an appeal might have been taken from said decree, then he did not have a notice and knowledge of the proceedings in question which the law presumes in a person of full legal capacity; and that condition of disability presents such a situation of accident, mistake or unforeseen cause as would warrant the granting of relief under said Section 3, Chapter 297. If after the lapse of forty days from the entry of said decree, the petitioner continued of unsound mind and if,

(2) in the circumstances of the case, the protection of his interests required that an appeal should be prosecuted from said decree, then these proceedings were properly taken in the petitioner's name, by his next friend as he was not under guardianship.

The petition sets forth that the petitioner is a person of unsound mind but does not specifically aver that he was of unsound mind during the period within which an appeal from the entry of said decree might have been claimed in accordance with the statute. That fact must be made to appear specifically at the hearing if said petition is to be granted.

(3)  The respondent's motion alleges no ground for dismissing the petition. The petitioner's right to have relief under said Section 3, Chapter 297, does not depend upon the fact that said decree was procured to be entered by fraud or that all the provisions of law were not duly complied with. If during the period of forty days within which the claim of appeal should have been made the petitioner was a person of unsound mind, unable to protect his own interests or to have an understanding of said proceedings, he is entitled to have relief under the statute, if it shall be made to appear that justice requires a revision of the cause.

The respondent's motion to dismiss the petition is denied.

*Mumford, Huddy & Emerson*, for petitioner.

*George H. Huddy, Jr., E. B. Moulton*, of counsel.

*Arthur P. Sumner*, for respondent.