IRENE PINO AND ROSINA PINO *vs.* CAMILLA HABISCH, EX.

MARCH 6, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Probate Appeals.  Accident and Mistake.*

Where the wife of testate resided in a foreign country and for a considerable period had been unable to get passage to this country and had made efforts to get information as to conditions here but failed to get a copy of the will of the husband or otherwise learn its contents until after the time for the taking of an appeal had expired, she is entitled to relief under Gen. Laws, cap. 297, § 3, providing for the prosecution of an appeal in cases of· accident, mistake, and unforseen cause.

PETITION for relief under Gen. Laws, cap. 297, § 3. Heard and prayer of petition granted.

VINCENT, J.   The petitioners are the widow and daughter of Alfredo Pino who died in Providence, Rhode Island, on April 19, 1922.   The petition sets forth that the respondent, Camilla Habisch, on May 8, 1922, presented to the Municipal Court in Providence a document purporting to be the last will and testament of the said Alfredo Pino;  that on August 8, 1922, said will was admitted to probate and letters testamentary issued to the said Camilla Habisch, she being the person named in said will as executrix.

The petition further sets forth that the said Alfredo Pino deserted the petitioner Irene Pino in Italy eighteen years ago, leaving her with four minor children, and that she did not learn that he had gone to America until a year later when she received a letter from him and some promise of pecuniary assistance;  that the petitioners did not learn of the death of Alfredo Pino until the summer of 1922;  that at that time they were living in Naples, Italy, and were making efforts to obtain passage to America but were unsuccessful in so doing, the steamship company at one time refusing to honor their tickers which had been sent to them by Alfredo Pino, and at another time stating that there was no room for them on the ship which was about to leave; that they were not able to secure passage from Italy until

December 20, 1922; and that they did not arrive in New York until January 3, 1923.

The petitioners further allege that in September, 1922, they appealed to the Italian Consular Agent, resident in Providence, but temporarily in Naples, for assistance in obtaining passage to America and also for aid in safeguarding their interests in Providence.

Later, in October, 1922, and after the expiration of the time provided by statute within which an appeal from the decree of the municipal court might be taken, the petitioners received from the consular agent a copy of the will.

Upon their arrival in Providence the petitioners employed counsel through whom they claim to have obtained important facts regarding the incompetency of the testator at the time he executed the will, and various other occurrences and circumstances bearing upon the validity of that instrument.

The petition is sworn to. There are also the affidavits of the petitioners and respondent setting forth some facts not appearing in the petition to which affidavits are attached translations of certain correspondence between the respondent and Irene Pino, one of the petitioners.

The petitioners further allege that by reason of accident, mistake, and unforeseen cause they have failed to claim and prosecute an appeal from the decree of the municipal court entered on the 8th day of August, 1922, by which the instrument here referred to was declared to be the last will and testament of Alfredo Pino, and they pray that they may now be allowed to take an appeal from said decree under the provisions of Section 3, Chapter 297, Gen. Laws, 1909.

We have examined the allegations of the petition and the affidavits of the parties in support thereof, including the correspondence before mentioned, and it seems to us that justice requires that the petitioners should have an opportunity to prosecute their appeal.

Their situation in Italy, their inability to obtain an earlier passage to America, their efforts to get information concerning conditions here, and their failure to get a copy of the

will, or otherwise learn its contents, until after the time for the taking of an appeal had expired, all combine to bring them within the purview of the statute and entitle them to the relief which they ask.

The letters of the respondent, her remittance of small amounts of money to the petitioner Irene Pino, and her failure to give any essential information as to the estate of Alfredo Pino and its disposition, while perhaps not so designed, would have a tendency to repress the activities of the petitioners and give rise to a feeling of complaisance.

The prayer of the petition is granted and an order for entry may be presented.

*Anthony V. Pettine*, for petitioners.

*De Pasquale & Turano, McGovern & Slattery*, for respondents.