### ROSA DAVID *v.* MAX DAVID.

APRIL 8, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Divorce. Jurisdiction. Appearance.*

Where a petitioner was neither a resident nor a domiciled inhabitant of this State, the court had no jurisdiction to consider a petition for divorce from bed and board, or to allow an amendment thereof, nor could such lack of jurisdiction be waived or cured by a general appearance of respondent.

*(2) Divorce. Jurisdiction.*

The question of lack of jurisdiction, in a petition for divorce from bed and board can be raised at any time on motion, and should be determined at the earliest stage of the proceedings if possible.

*(3) Jurisdiction.*

Whenever it appears that the court has no jurisdiction the court of its own motion should stop the proceedings and in such case the court is without jurisdiction even to render a judgment for costs to a defendant who has entered an appearance or filed pleas.

*(4) Divorce. Jurisdiction.*

Where the court had no jurisdiction of a petition for divorce from bed and board, the respondent by entry of appearance and filing of his counter petition for absolute divorce did not confer jurisdiction upon the court.

*(5) Divorce. Jurisdiction.*

The residence of a respondent is sufficient to support a petition by the wife for absolute divorce but not a divorce from bed and board.

DIVORCE. Heard on exception of respondent and sustained.

STEARNS, J. This is a petition for divorce from bed and board brought December 26, 1922, by Rosa David against Max David, a resident of the city of Newport. Max David filed an answer and also a cross-petititon (G. L. 1923,

C. 339, s. 13) for an absolute divorce from Rosa David. The cause was heard in 1923. The petitioner, March 27, 1924, moved to amend her petition for a limited divorce to a petition for an absolute divorce. This motion was granted April 12, 1924; respondent, Max David, duly took exception to the allowance of the amendment. January 21, 1925, the trial justice granted petitioner a divorce from bed, board and future cohabitation. (For other proceedings in the cause see *David* v. *David*, 47 R. I. 122, same case 47 R. I. 139)

The cause is here on respondent's bill of exceptions. The principal exception is that the Superior Court was without jurisdiction of the cause.

Petitioner lived abroad and for many years had been separated from her husband, the respondent. In 1922 she came to Boston, Massachusetts, where she went to live with one of her children. She came from Boston to Newport, December 23, 1922, and after signing and swearing to her petition returned at once to Boston. There was no allegation in the petition of petitioner's residence or domicile; it was alleged therein that respondent was a domiciled inhabitant and resident of this state for over two years prior to the filing of the petition (s. 10).

Divorces from bed, board and future cohabitation may be granted by the Superior Court for certain causes, "Provided, the petitioner shall be a domiciled inhabitant of this state and shall have resided in this state such length of time as to the court in its discretion shall seem to warrant the exercise of the powers in this section conferred". (G. L. 1923, "Of Divorce" C. 291, s. 8.)

Jurisdiction of divorce in the Superior Court is created and limited by the statute. The court has jurisdiction of divorce from bed and board, only when the petitioner therefor is a domiciled inhabitant or resident of this state prior to and at the time of the filing of the petition. The jurisdiction is thus limited whether the proceeding is by original petition, cross-petition or by motion in writing setting forth the grounds therefor (C. 339, s. 13). *Walker* v. *Walker*,

32 R. I. 28; *Crow* v. *Crow*, 41 R. I. 258. As the petitioner was neither a resident nor a domiciled inhabitant of this State, the court had no jurisdiction to consider the petition or to allow an amendment thereof. Nor could this lack of jurisdiction be waived, or cured by a general appearance of respondent. The question of the lack of jurisdiction could be raised at any time on motion, and should be determined at the earliest stage of the proceedings if possible (*Walker* v. *Walker*, *supra*); whenever it appears that the court has no jurisdiction the court of its own motion should stop the proceedings (*Gorman* v. *Stillman*, 25 R. I. 55) and the court in such case is without jurisdiction even to render a judgment for costs to a defendant who has entered an appearance or filed pleas. *Dunn* v. *Ball*, 2 R. I. 450; *Turks Head Tailoring Co.* v. *Anthony*, 38 R. I. 7. The respondent by entry of his appearance and filing of his counter petition for absolute divorce did not confer jurisdiction upon the court. Respondent's residence was sufficient to support a petition by his wife for absolute divorce (C. 291, s. 10), but not a divorce from bed and board. The reason for this difference in the two kinds of divorce is not obvious; but it is sufficient that the distinction is clearly made by the statute.

As the Superior Court was without jurisdiction to consider the cause, the exception of respondent is sustained.

The cause is remitted to the Superior Court with direction to dismiss the original and amended petitions and the cross-petition.

*Sheffield & Harvey*, for petitioner.

*Quinn, Kernan & Quinn*, for respondent.