ANGELINA DI BENEDETTO *vs.* MATTIA CAPONE *et al. Exrs.*

DECEMBER 1, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Probate Law.   Petition for Leave to File Appeal from Decree of Probate Court.*

Petitioner, an ignorant and inexperienced woman who had been told that she was to be a substantial beneficiary under her brother's will and who believed that some kind of notice of its probate would be sent to her, and who owing to lack of notice and from residence in another State failed to take any steps to test the will, is entitled to relief under Gen. Laws, 1923, cap. 347, sec. 3; where nothing has occurred to prevent respondents from fully preparing and presenting their case, and where it appears that petitioner believes she has a meritorious case.

PETITION for leave to file appeal from decree of probate court under Gen. Laws 1923, cap. 347, sec. 3. Heard and petition granted.

BARROWS, J.   This is a petition for leave to file an appeal from a decree of the Probate Court of the Town of Bristol admitting to probate the will of Antonio Pessolano. Petitioner comes to this court under Gen. Laws 1923, Chap. 347, Sec. 3 (5108). She asserts that by reason of accident, mistake or unforeseen cause she failed to prosecute her appeal within the forty days required by statute.

It appears from the affidavits presented by both sides that petitioner, a resident of Orange, N. J., is a woman seventy-four years of age; one of two surviving sisters of Pessolano. She is a native of Italy and although she has resided in the United States for forty-four years is unable to read or write and can not speak much English. She neither reads nor writes Italian. Prior to 1919 Pessolano had lived for several years with petitioner and in that year executed in New Jersey an alleged will. At that time he was seventy years of age and retired from business. In this will he gave approximately two thousand dollars to legatees including a half sister in Italy and left the residue of his

estate to petitioner and his only other surviving sister of full blood, Francesca Spinello. Of this will he told petitioner. Thereafter he lived with Francesca at Brooklyn, N. Y.; in Italy for a time, and the last few years of his life with Francesca's daughter, Elizabeth Capone, at Bristol. In 1922 petitioner's son removed $12,000 worth of liberty bonds from Pessolano's safe deposit box in Orange and to reimburse Pessalano therefor petitioner gave to him a mortgage for $12,000. With $10,000 formerly loaned to her, she then owed him $22,000. From this time on their relations were not close, even by petitioner's affidavit, and respondents swear that deceased was always bitter about the incident. Petitioner never visited her brother at Bristol. He died there on June 2, 1926, at Capone's house, leaving an estate of approximately $50,000. Petitioner was notified at once. She came to Bristol the next day, remained until 3 a. m. on the following morning and being ill returned to New Jersey before the funeral. She swears that while at Capone's she "assumed and received their assurance that they (Mattia and Elizabeth) would keep the petitioner in touch with affairs relating to said Antonio Pessolano and his estate". This assurance is denied by them.

On June 9, 1926, a document purporting to be the will of Antonio Pessolano and executed at Providence on August 11, 1922, was presented for probate. Notice thereof was given by publication in the Bristol Phœnix and on June 26, the will was duly admitted to probate. By this will bequests aggregating $7,100 were made to the same persons as in the earlier will and to others. Petitioner was left the sum of twelve dollars. The residue of the estate was left to decedent's sister Francesca as before and to her daughter Elizabeth. The executors named were the respective husbands of Francesca and Elizabeth. No knowledge of this will or of probate proceedings came to petitioner until fifty-one days after the action of the probate court, at which time she received a letter from the attorney for the executors enclosing a copy of the will certified by the probate court on

June 29 and demanding payment from the petitioner of the $22,000 indebtedness. Executors' counsel testified that he had no special reason for not sending the copy of the will earlier.

No legal duty existed to notify petitioner of the probate proceedings other than by publication and the question before us is whether "justice requires" that petitioner be granted the opportunity to file an appeal. She desires to base the appeal upon mental incapacity and undue influence. With the merits of her claim we are not concerned; nor do we undertake to pass upon the controverted question in the affidavit, viz., whether the Capones assured petitioner that she would be kept posted. It is clear that petitioner was an ignorant and inexperienced woman who had been told that she was to be a substantial beneficiary under her brother's will and that she believed that some kind of notice would be sent to her, that she had a vital interest in the validity of the will admitted to probate and that she failed to take the necessary legal steps to test that will. We are not unmindful of the desirability in the administration of estates that a time should be fixed at which possibility of litigation may be considered at an end. We do not wish to encourage slumber upon one's rights. We are aware that some of our earlier cases have construed strictly "accident, mistake and unforeseen cause" but consistently since *Donahue* v. *Sherman's Sons Co.*, 39 R. I. 373, this court has adopted a more liberal attitude of considering not alone the nature of the "accident, mistake or unforeseen cause" but also whether anything has occurred to alter the status of the parties interested; whether evidence has been lost; whether the petitioner has had his day in court and if not whether the allowance of such day in court will operate unfairly because of inability of respondents to prepare or present their case. *Desrochers* v. *Atwood-Crawford Co.*, 131 Atl. 48, 47 R. I. 116. See also recent unreported case of *Chapdelaine* v. *Lambert* (Oct. 18, 1926), involving the statute now before us. That statute gives to this court the right to grant a hearing to

parties who might be foreclosed, if the strict rules of law were to be applied, yet whose honestly asserted claims present strong equities. It gives to this court a discretion to determine what "justice requires". Each case presented under it must be determined in the light of its own facts, of the decided cases, and of fairly giving all interested parties their day in court. *David* v. *David*, 47 R. I. 139; *Lamson* v. *Fortier*, 123 Atl. 594. On the facts before us a less rigorous accountability for failure to protect her rights should be exacted from petitioner than from one residing close at hand, represented by counsel, experienced in business or able to read and write. Over the former group the law always has watched with solicitude to see that advantage is not taken. Here no administrative steps have been taken and nothing has occurred to prevent respondents from fully preparing or presenting their case if petitioner's appeal is permitted or from meeting any orders of the court following such appeal. The affidavits show that petitioner, at least, believes she has a meritorious case that she has been legally but unfairly prevented from presenting and that no harm can come to respondents if petitioner be allowed to test her claim in court.

The prayer of the petition is granted and the petitioner may file in the office of the clerk of the Probate Court of the Town of Bristol a claim of appeal to the Superior Court and a request for a certified copy of said claim and the record of the proceedings appealed from, on or before December 10, 1926, and on or before December 20, 1926, file in the Superior Court a certified copy of said claim and record and her reasons of appeal specifically stated.

*Huddy & Moulton*, for petitioner.
*Knauer & Fowler*, for respondents.