ANN RYAN TATRO *vs.* JAMES E. DOOLEY, *Ex.*

NOVEMBER 10, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is a petition to this court for leave to file an appeal from a decree of the probate court of the city of Cranston, entered on December 22, 1938, admitting to probate as the last will and testament of John H. Burke, late of that city, deceased, a certain instrument in the form of a will and executed by him as such on July 8, 1936.

This petition was filed on April 3, 1939, under and in accordance with general laws of 1923, chapter 347, sec. 3, which is now general laws of 1938, chapter 535, §6, and which reads as follows: "When any person is aggrieved by any order, decree, decision, or judgment of the superior court or of any probate court . . . and from accident, mistake, unforeseen cause, or lack of evidence newly discovered, has failed to claim or prosecute his appeal, or to file or prosecute a bill of exceptions, or motion, or petition for a new trial, the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree, decision, or judgment, allow an appeal to be taken and prosecuted, or a bill of exceptions or a motion for a new trial to be filed and prosecuted, upon such terms and conditions as the court may prescribe."

A number of affidavits were filed for and against the petition. From these the following facts clearly appear. The petitioner is first cousin and next of kin, apparently sole next of kin, of the testator; and by the above instrument, which is hereinafter referred to as the last will, she was given a legacy of $500 under her maiden name of Ann Ryan. By a former will of the deceased, which was made in 1932 and was apparently his last previous will, she was made the sole life beneficiary under a trust of the residue of the testator's estate, which apparently would have given her an interest of much greater value to her than $500.

Under the last will the principal beneficiaries are a certain physician and his wife, who were given bequests of $5000 each and were also given the whole residue of the estate, which is of considerable value. By the will of 1932 they were given only bequests of $5000 each.

The testator was an old man at the time when the last will was made. There was evidence in the affidavits that in the summer of 1935 he had a stroke of paralysis, from which he never recovered; and that he continued to be very feeble until the time of his death on October 7, 1938, being all the time under the care of this physician. Very soon after this stroke he was taken to St. Joseph's Hospital in the city of Providence, where he remained for a considerable period, and then went to a nursing or convalescent home, where he remained until his death.

On July 3, 1935 a petition was filed in the probate court of Cranston by the above-mentioned physician to have an attorney, who was later the draftsman of the last will and is now the executor thereof, appointed as guardian of the person and estate of the testator. In this petition the testator was described as "a person of unsound mind." After a hearing this petition was denied and dismissed by the probate court on October 8, 1935.

On the same day a petition was filed in the same court, which was signed by the testator by his mark and in which it was stated that he had "become incapacitated by reason of advanced age—mental weakness—to properly care for his property." The prayer therein was that the above-mentioned physician or any suitable person be appointed conservator. On the same day, by a decree of the court, that petition was granted and this physician was appointed conservator, the ground stated being that on the testimony of another physician it appeared that the testator "is incapable of properly caring for his prop-

erty." In this decree the conservator's bond was fixed at $60,000, with a surety company as surety.

On the day when the last will was executed the testator was examined by a psychiatrist of the city of Providence, who gave his opinion that the testator was a man of normal intelligence with no mental disease.

In her petition the petitioner, upon her oath, made, among others, the following statements which are not contradicted by any other evidence before us: that she was a resident of the town of Mystic, Connecticut, and had been for more than thirty-eight years; that she had formerly lived in the city of Providence; that she had no knowledge or notice of the death of the testator until March 1, 1939, which was after the expiration of the statutory period for the filing of a claim of appeal from the decree of the probate court of Cranston admitting the above instrument to probate as his last will and testament; that by reason of accident, mistake or unforeseen cause she had failed to claim such appeal before the expiration of that period; and that until March 1, 1939, she had no knowledge of the fact that she was a legatee under either of the above testamentary instruments executed by him. Her petition was filed on April 3, 1939; and we are of the opinion that there was no undue delay by her in filing it.

At the hearing upon it before us, one of the contentions made in behalf of the respondent was that the petition should be denied because it set forth no reason of appeal. It may be better practice for the petitioner in such a petition to set forth a reason of appeal; but there is no such requirement in the statute under which this petition was filed. Moreover, the petitioner, in her affidavit filed on April 25, 1939, stated that she was advised that she could establish that when the testator executed the instru-

ment of July 8, 1936, he was of unsound mind and undue influence was exercised upon him; and other affidavits filed in her behalf show that she will have evidence available tending to support these alleged grounds of objection to the validity of the instrument.

We are also of the opinion, after considering all the evidence submitted to us, that the petitioner was aggrieved by the decree from which she asks leave to appeal; that from accident, mistake or unforeseen cause she failed to claim an appeal from that decree within the statutory period for claiming such an appeal; that the affidavits filed in her behalf show that there is evidence available to her of unsoundness of mind of the testator at the time when he executed the instrument in question and of the exercise of undue influence upon him in connection with its execution; and that in the interest of justice she should have an opportunity to present this evidence on an appeal by her to the superior court.

It appears to us that justice requires a revision, on an appeal by this petitioner, of the action of the probate court in admitting to probate the instrument in question as the last will and testament of John H. Burke. *Turner* v. *Turner,* 82 A. 2 (R. I.); *Kenyon* v. *Hayhurst,* 35 R. I. 380, 87 A. 168; *Pino* v. *Habisch,* 45 R. I. 46, 119 A. 657; *Di Benedetto* v. *Capone,* 48 R. I. 14, 135 A. 156. See also *Wheeler* v. *Cole,* 62 R. I. 107, 3 A. 2d. 244.

The petition is granted, on condition that a claim of appeal shall be filed within twenty days and that it shall be prosecuted according to law.

*Cooney and Nolan, James E. Smith,* for petitioner.

*Dooley, Dunn and Paolino,* for respondent.