**Frank A. YETNER, Jr., Administrator of the Estate of Frank A. Yetner**

v.

**CORKERY GENEALOGICAL, INC.**

No. 96–542–Appeal.

Supreme Court of Rhode Island.

Jan. 27, 1998.

Timothy J. Chapman, Providence.

Ernest J. Pratt, Central Falls.

### ORDER

This case came before a three judge panel of the Supreme Court for oral argument pursuant to an order directing both parties to appear and to show cause why the issue raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda of the parties we conclude that cause has not been shown. Therefore, we will decide this case summarily at this time.

The appellee, Corkery Genealogical, Inc., filed a miscellaneous petition in the Probate Court for the City of Warwick seeking to reopen the estate of Frank A. Yetner and for permission to file a claim against the estate out of time. This petition was heard on September 7, 1995, in the Probate Court of the City of Warwick. The appellant, Frank A. Yetner, Jr., administrator of the estate, objected to the miscellaneous petition on the grounds that an affidavit of completed administration had already been filed and that the estate had been closed. Some eight months later on May 10, 1996, the Probate Court judge rendered a decision granting Corkery Genealogical's petition, in part, and allowing it to file its claim out of time. The decision, however. was not mailed to appellant until June 27, 1996. On June 28. 1996, well after the twenty-day period for taking an appeal had expired. appellant finally received notice. See G.L. 1956 § 33–23–1. Having missed the deadline for filing an appeal, appellant could have availed himself of the provisions of G.L. 1956 § 9–21–6. This section permits the Superior Court to entertain an appeal out of time when it can be demonstrated that the delay was attributable to accident, mistake, unforeseen cause, or excusable neglect provided a petition is filed within ninety-days of the entry of the original order or decree. See § 9–21–6. The appellant, however. also failed to comply with this deadline. Instead, appellant elected to file a claim of appeal with the clerk of the Probate Court on July 16, 1996, and subsequently with the clerk of the Superior Court on July 26, 1996. Both claims were filed respectively twenty and thirty-days after appellant's receipt of notice and were otherwise in accordance with the time provisions for taking an appeal pursuant to § 33–23–1.

A Superior Court justice granted appellee's motion to dismiss the estate's appeal on the ground that the appeal was not timely filed. The appellant now appeals to this court claiming that the fault lies in the failure of the Probate Court to provide him with notice in a sufficient amount of time to allow him to perfect an appeal within the time constraints of § 33–23–1. For the reasons set forth herein we deny appellant's appeal and uphold the dismissal of the appeal by the trial justice.

This court has unequivocally held that the time for taking an appeal from an order or decree of the Probate Court begins to run from the time the decree is entered. See *Waz v. Estate of Judge*, 417 A.2d 326, 328 (R.I.1980). The time for filing a claim of

appeal in the Probate Court is within twenty-days after execution of the order or decree. See § 33–23–1. In construing this statute we have previously stated that "[i]t is well settled that this statute is jurisdictional and failure to proceed within the time prescribed cannot be waived," *Steinhof v. Keefer*, 101 R.I. 472, 476, 224 A.2d 897, 899 (1966), nor can it be overlooked by a sympathetic trial justice. The appellee is correct in asserting that the proper remedy available to the administrator was a motion pursuant to § 9–21–6. *See Tatro v. Dooley*, 63 R.I. 436, 9 A.2d 1 (1939). Indeed, the record discloses that the appellant was aware of this provision but chose not to utilize it. Thus, we conclude that the trial justice was correct in dismissing the appellant's appeal and the papers in this case are remanded to the Probate Court.

WEISBERGER, C.J., and FLANDERS, J., did not participate.