In re ESTATE OF Stanley
E. SPEIGHT.

Francis M. McBride, Administrator of
the Estate of Stanley E. Speight,
and Western Surety Company

v.

Colin David Leach.

Nos. 98–238–Appeal, 98–239–Appeal.

Supreme Court of Rhode Island.

Oct. 26, 1999.

Michael T. Finan, Pawtucket, James S. D'Ambra, Mark P. Dolan, Providence, for plaintiff.

Ernest J. Pratt, Central Falls, Henry J. Blais, III, Pawtucket, for defendant.

Present: Weisberger, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## O P I N I O N

PER CURIAM.

This case came before the Court for oral argument October 5, 1999, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The heirs of Stanley E. Speight (heirs) filed a miscellaneous petition in the Probate Court of the City of Pawtucket, seeking a determination of their status as heirs of the estate. The petition was heard and a decree entered on June 27, 1996, granting the petition and finding that the heirs were entitled to a distribution of the estate. More than twenty days after the entry of the decree, the administrator of the estate and Western Surety Company (hereinafter referred to collectively as the estate) filed a motion to vacate the decree, arguing that they did not receive notice of the decree prior to its entry by the Probate Court and were therefore unaware of when the appeal period began to run. Following a hearing in the Probate Court on August 20, 1996, the judge ordered that the June 27, 1996 decree be vacated and reentered as of August 20, 1996.

The estate filed an appeal from the decree of August 20, 1996, and the heirs appealed the Probate Court's order vacating the June 27, 1996 decree. While both appeals were pending, the heirs filed a motion to dismiss the estate's appeal, arguing that the Probate Court had no authority to vacate the decree of June 27, 1996. That motion was heard and denied by a justice of the Superior Court on January 7, 1997. The justice reasoned that, on a de novo review, he could not dismiss the appeal on the ground that the Probate Court had improperly vacated and reentered the decree. The heirs then filed a petition for a writ of certiorari to this Court, which was subsequently denied.

On March 14, 1997, the estate filed a motion to dismiss the heirs' appeal in the Superior Court, arguing that the first Superior Court justice's decision was dispositive of the matter. The heirs objected to that motion and sought to invalidate the decree of the Probate Court entered on August 20, 1996, and to affirm the original decree entered on June 27, 1996. The two cases were consolidated on March 12, 1997, and heard by a second justice of the Superior Court on February 6, 1998. At the conclusion of that hearing, the second justice dismissed the case sua sponte, denying the estate's motion to dismiss the heirs' appeal and granting the heirs' motion to vacate the reentered decree of August 20,

1996, and to affirm the original decree of the Probate Court entered June 27, 1996. The second Superior Court justice held that the first justice did not rule upon the earlier motion, which asserted that it was proper for the Superior Court to decide jurisdictional issues in probate matters, and that the Probate Court had no authority to vacate the decree after the expiration of the twenty-day appeal period. The estate filed a timely notice of appeal to this Court.

On appeal the estate alleges (1) that the second Superior Court justice had no authority to dismiss its appeal, (2) that the first justice properly declined to dismiss the estate's appeal, and (3) that the Probate Court properly vacated the June 27, 1996 decree.

■ Under Rhode Island law, an aggrieved party may appeal a Probate Court decree to the Superior Court pursuant to G.L.1956 § 33–23–1. The Superior Court may, upon appeal, "affirm or reverse, in whole or in part, any order or decree of a probate court, and may enter such decrees as the probate court ought to have entered." Section 33–23–18. The question of lack of jurisdiction can "be raised at any time on motion, and should be determined at the earliest stage of the proceedings if possible * * * whenever it appears that the court has no jurisdiction the court of its own motion should stop the proceedings." *David v. David,* 47 R.I. 304, 306, 132 A. 879, 880 (1926).

■ As an initial matter the Probate Court had no authority to vacate the June 27, 1996 decree. "This [C]ourt has unequivocally held that the time for taking an appeal from an order or decree of the Probate Court begins to run from the time the decree is entered." *Yetner v. Corkery Genealogical, Inc.,* 706 A.2d 1331, 1331 (R.I.1998); *see Waz v. Estate of Judge,* 417 A.2d 326, 328 (R.I.1980). Pursuant to § 33–23–1(1), an aggrieved party must file an appeal within twenty days after execution of the order or decree. In construing

this statute, this Court has repeatedly held that "this statute is jurisdictional and failure to proceed within the time prescribed cannot be waived,' * * * nor can it be overlooked by a sympathetic trial justice." *Yetner,* 706 A.2d at 1332 (quoting *Steinhof v. Keefer,* 101 R.I. 472, 476, 224 A.2d 897, 899 (1966)). When an aggrieved party files a § 33–23–1 appeal at a time beyond the prescribed appeal period, the Superior Court has no jurisdiction to entertain the appeal. *See Waz,* 417 A.2d at 328. Rather the proper remedy for one who has not appealed within the statutorily prescribed period is to file a petition in the Superior Court pursuant to G.L.1956 § 9–21–6, which permits an aggrieved party to file a petition to appeal within ninety days following entry of an order or decree if an appeal was not timely filed owing to accident, mistake, unforeseen cause, or excusable delay. In vacating the June 27, 1996 decree and reentering it as of August 20, 1996, the Probate Court judge in the instant case purported to extend the time in which the estate could bring an appeal in order to "level the playing field." The Probate Court, however, lacked the authority to take this action. The estate's proper remedy was to file a petition in Superior Court pursuant to § 9–21–6. No such petition was filed.

■ The estate argues that the second justice had no authority to dismiss its appeal as the first justice had already decided that the issue of the authority of the Probate Court to vacate and reenter its decree was not properly before the Superior Court. The estate relies on the law-of-the-case doctrine to support its argument, and it points out that the issue of the first Superior Court justice's ruling on its appeal was not even before the second justice at the time of the ruling. Although the law-of-the-case doctrine discourages consideration of successive motions relating to the same subject matter, the doctrine should not be used to perpetuate clear error in an earlier erroneous ruling. *See Taveira v. Solomon,* 528 A.2d 1105, 1108 ·

(R.I.1987). Since this issue was essential to the jurisdiction of the Superior Court, it could not be avoided by the second justice on the basis of the law-of-the-case doctrine.

■ The second justice's decision did not violate the law-of-the-case doctrine. When the first justice heard the motion to dismiss, he denied the motion, reasoning that the issue was not properly before the Superior Court and that it should actually be appealed to this Court. However, as noted earlier, the question of jurisdiction should be resolved at the earliest point possible and can be raised sua sponte by the court. Because the Probate Court lacked the authority to vacate and reenter the decree, the purported appeal by the estate was untimely and, therefore, the Superior Court had no jurisdiction to entertain the appeal. The second justice was correct in confronting the issue of jurisdiction and deciding that the untimely appeal could not confer jurisdiction upon the Superior Court.

For the reasons stated above, the estate's appeal is denied and the judgment of the Superior Court is affirmed.