DECISION
Before this Court for decision is the Motion to Dismiss filed by Mark Heffner, the current Administrator of the Estate of George A. Young (hereinafter the Administrator). Jurisdiction is pursuant to G.L. 1956 § 33-23-1.
 FACTS AND TRAVEL
This case concerns an appeal taken by James G. Young from a decision issued by the Portsmouth Probate Court on February 5, 2001. On February 23, 2001, James Young (Appellant) filed a claim of appeal with the probate court and a "Request for Certified Copy of Claim and Record of Proceedings Appealed From," including recordings of the hearing on November 14, 2000. Thereafter, on March 7, 2001, Appellant filed with this Court a certified copy of the Claim of Appeal, the Reasons of Appeal, the Decision and Order of the Portsmouth Probate Court and a Motion to Extend Time to Transmit the Record. The Motion to Extend Time was granted by the court on April 2, 2001, giving the Appellant another thirty days within which to submit the record on appeal. The certified record of the probate court was then filed with this Court on April 5, 2001. The Administrator has now moved to dismiss the appeal five years later claiming that the Appellant's failure to file the complete certified record, including a transcript of the witnesses' testimony, by March 7, 2001 deprived this Court of jurisdiction to entertain this appeal.
 DISCUSSION
Rhode Island General Laws 1956 § 33-23-1 provides the procedure and timeline for perfecting an appeal from the probate court. Section 33-23-1 provides:
 (a) Any person aggrieved by an order or decree of a probate court (hereinafter "appellant"), may, unless provisions be made to the contrary, appeal to the superior court for the county in which the probate court is established, by taking the following procedure:
 (1) Within twenty (20) days after execution of the order or decree by the probate judge, the appellant shall file in the office of the clerk of the probate court a claim of appeal to the superior court and a request for a certified copy of the claim and the record of the proceedings appealed from, and shall pay the clerk his or her fees therefor.
 (2) Within thirty (30) days after the entry of the order or decree, the appellant shall file in the superior court a certified copy of the claim and record and the reasons of appeal specifically stated, to which reasons the appellant shall be restricted, unless, for cause shown, and with or without terms, the superior court shall allow amendments and additions thereto.
 (3) The appellant shall file with the probate clerk an affidavit in proof of the filing and docketing of the probate appeal pursuant to the time deadlines set forth in § 33-23-1(a)(2).
 . . .
 (e) The deadline of subsections (a)(1) and (a)(2) of this chapter are jurisdictional and may not be extended by either the probate court or the superior court, except for purposes of extending the time to file the transcript under subsection (c).[1]
Under the plain language of § 33-23-1, the failure to file, within thirty days, a certified copy of the claim and the record as well as the reasons of appeal specifically stated results in an untimely appeal over which this Court has no jurisdiction.Griggs v. Estate of Griggs, 845 A.2d 1006, 1010 (R.I. 2004);Kelley v. Jepson, 811 A.2d 119, 123 (R.I. 2002). "`This statue is jurisdictional and failure to proceed within the time prescribed cannot be waived . . . nor can it be overlooked by a sympathetic trial justice.'" In re Estate of Speight v. Leach,739 A.2d 229, 231 (R.I. 1999) (citations omitted). "The question of lack of jurisdiction can `be raised at any time on motion, and should be determined at the earliest stage of the proceedings if possible . . . whenever it appears that the court has no jurisdiction the court of its own motion should stop the proceedings.'" Id. (quoting David v. David, 47 R.I. 304, 306,132 A. 879, 880 (1926)). "As long as the appellant makes a timely and good faith effort to supply those portions of the Probate Court record . . . that are sufficient to enable the reviewing court to pass on the issues . . . the appeal should not be dismissed." Estate of Hart v. LeBlanc, 853 A.2d 1217, 1219 n. 1 (R.I. 2004).
The first inquiry in deciding this Motion to Dismiss is whether a substantial portion of the relevant documents were filed on or before March 7, 2001. See Griggs, 845 A.2d at 1010 ("Only after a substantial portion of the relevant documents have been filed will the appeal be perfected.") "The transmitted record is sufficient if it will allow the Superior Court to pass on each issue raised in the appeal." Id. The reasons for appeal, which were timely filed on March 7, 2001, include alleged errors of fact finding. (Reasons for Appeal ¶ 1, 2, 5-9.) Only a de novo
hearing would allow this Court to pass upon these factual issues.See In re Estate of Paroda, 845 A.2d 1012, 1017 ("`[T]he Superior Court is not a court of review of assigned errors of the probate judge, but is rather a court for retrial of the case de novo.'") (Citations omitted.) Moreover, also filed on March 7, 2001, was the written decision of the probate court wherein the probate judge made factual findings with respect to the funds given to the Appellant by the decedent, George Young. Again, the decision of the probate court does little to aid this Court in deciding the issues on appeal because this Court "shall not be bound by any [probate court] findings or decisions." Section33-23-1(d). Given that this appeal centers on factual determinations, the transcripts from the probate proceedings would be of no help to this Court because this Court hears probate appeals de novo.[2] Because the Appellant made a good faith effort to file the relevant portions of the record, the Reasons of Appeal and a certified copy of the Claim of Appeal by March 7, 2001, this Court had the authority to grant the Motion to Extend Time on April 2, 2001. Certainly, the record as transmitted on April 5, 2001 is sufficient as it allows this Court to pass on each issue raised in the appeal, i.e., whether the funds turned over to the Appellant by the decedent were a gift or given in trust and whether the Appellant should repay the Estate of George Young the sum of $15,000. Thus, the Appellant perfected his appeal by timely filing a substantial portion of the relevant documents with this Court.
 CONCLUSION
Based on the foregoing analysis, the Administrator's motion to dismiss is denied.
[1] Subsection (c) describes the procedure for filing any transcripts from the probate court.
[2] Of course, consistent with § 33-23-1(d), the testimony and sworn pleadings from the probate court could be used for evidentiary purposes at the de novo hearing.