**In re ESTATE OF Peter OLIVEIRA.**

**No. 2006–280–Appeal.**

Supreme Court of Rhode Island.

Dec. 13, 2010.

John Oliveira.

Anthony DeSisto, Esq., Providence.

**O R D E R**

This case came before the Supreme Court on September 30, 2010, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. In this probate appeal, the plaintiff, John Oliveira (plaintiff or John), appeals *pro se* from a Superior Court judgment in favor of the defendant, Town of Warren.[1] The plaintiff alleges that the trial justice and the stenographer perpetrated a fraud by purposely excluding from the trial transcript the trial justice's purported statement that the plaintiff would receive a jury trial.[2] After reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown; thus, the appeal may be decided at this time. We affirm the judgment of the Superior Court.

This case has a long history. The plaintiff's father, Peter Oliveira (Peter or decedent), died testate on January 6, 1992. When decedent's will was presented for probate in Warren Probate Court, both of Peter's children—John and Beatrice— challenged the validity of the will. However, in a decision issued on April 9, 1992, the probate judge rejected their challenges and the will was admitted.

John moved for reconsideration of this decision by filing a notice of appeal in the Warren Probate Court on April 29, 1992, seeking a rehearing based on previously undiscovered evidence.[3] Specifically, he alleged that the attorney who drafted the will concealed a handwritten will that allegedly was executed before the will that is the subject of this dispute. The probate judge concluded that the operative will contained a clause revoking any prior wills; and, because John conceded that the allegedly concealed handwritten will was made before the proven will, its existence was of no moment to the probate estate.

Additionally, at this "appellate proceeding," John produced unsworn affidavits from several doctors opining about various medications that could have affected the

1. Because plaintiff, John Oliveira, and the testator, Peter Oliveira, share the same last name, we will refer to them by their first names for purposes of clarity.

2. We note that plaintiff failed to comply with the requirements of Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure in the statement he filed with this Court on June 11, 2009. Additionally, plaintiff did not attend oral argument in this case. The defendant, Town of Warren, was present at the hearing on September 30, 2010, and it chose to rest on its brief in lieu of making an oral argument.

3. One month later, on May 29, 1992, plaintiff also appealed the decision of the Warren Probate Court to the Providence County Superior

Court, by filing a document entitled, "Appeal for De Novo Jury Trial." Counsel for the residual devisee under Peter's will filed a motion to dismiss for failure to file within thirty days of the "order or decree," as required by G.L. 1956 § 33–23–1. On September 15, 1998, a Superior Court justice granted the motion to dismiss with prejudice, and a final judgment dismissing John's appeal was entered. John appealed the trial justice's grant of the motion to dismiss to this Court, and we affirmed her decision on January 29, 2001. *In re Oliveira*, 765 A.2d 840 (R.I.2001). The matter currently before this Court involves plaintiff's April 29, 1992 appeal to the Warren Probate Court, and subsequent appeal of that decision to the Superior Court and now to this Court.

testator's capacity at the time he executed the will. However, the Probate Court found that "[e]ven reading these affidavits in the best light from the [plaintiff's] point of view[,] there is no conclusive statement made in them, which would be dispositive in this matter[,]" and it additionally found that neither doctor had personal knowledge of the decedent's physical or mental state when he executed the will. Furthermore, the probate judge declared "the medical evidence upon which [the doctors] based their observations was not only available at the time of trial[,] but was * * * admitted as a full exhibit[.]" As such, on May 30, 2001, the Probate Court entered a decision and decree denying plaintiff's appeal. On June 26, 2001, plaintiff filed an appeal in the Superior Court. This appeal was untimely; the decision having been entered on May 30, 2001, more than twenty days prior to the filing of the appeal.

In Superior Court, plaintiff contended he was entitled to a new hearing in Probate Court based on his allegations that the drafting attorney fraudulently concealed Peter's holographic will in violation of G.L. 1956 § 33–7–7 and that the drafting attorney illegally revoked that will in violation of G.L. 1956 § 33–5–10. After a long discovery and several continuances, the case was reached for trial on September 5, 2006, when defendant moved to dismiss on jurisdictional grounds. The trial justice dismissed the case, finding that plaintiff's § 33–7–7 allegation— concealment of a will—was criminal in nature, and his § 33–5–10 allegation—illegal revocation of the prior will—were waived because they were not raised in the Probate Court. Before this Court, plaintiff contends that the trial justice and stenographer conspired to perpetrate a fraud against him by purposely excluding from the trial transcript the trial justice's alleged statement that "you are going to get your jury trial."

A party aggrieved from a decision of the Probate Court must file an appeal to the Superior Court within twenty days after entry of an order or decree. G.L. 1956 § 33–23–1(1). We consistently have held that "the time for taking an appeal from an order or decree of the Probate Court begins to run from the time the decree is entered." *Yetner v. Corkery Genealogical Inc.*, 706 A.2d 1331, 1331 (R.I.1998) (mem.). *See also Waz v. Estate of Judge*, 417 A.2d 326, 328 (R.I.1980). In this case, the plaintiff's appeal to Superior Court was time-barred; he initiated the appeal on June 26, 2001—after the twenty day period had expired. It is well established that § 33–23–1 "is jurisdictional and failure to proceed within the time prescribed cannot be waived, * * * nor can it be overlooked by a sympathetic trial justice." *Yetner*, 706 A.2d at 1332.

This Court may uphold a trial justice's ruling on grounds other than those relied upon by the trial justice. *State v. Vocatura*, 922 A.2d 110, 116 (R.I.2007). The trial justice dismissed the appeal based on a finding that the plaintiff's § 33–7–7 allegation was criminal in nature; he also ruled that the remaining allegations were not raised in the Probate Court and were therefore deemed waived. Although this case should summarily have been dismissed because it was time-barred, the end result nonetheless was correct. Thus, we affirm the judgment and remand the papers to the Superior Court.