Nels K. Walquist *vs.* Richard J. Hodson, *Ex., et al.*

JUNE 10, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This is a petition for permission to file a belated probate appeal.

Petitioner represents that he has resided in Boston for several years; that his mother resided in Pascoag in the town of Burrillville; that May 9, 1932, he heard that she had died; that he immediately went to Pascoag and found she died there April 26, 1931; that his mother had considerable property; that he consulted his attorney in Boston who learned that the will of the deceased had been admitted to probate by the Probate Court of Burrillville on June 1, 1931; that on June 2, 1932, he consulted a Rhode Island attorney who investigated the facts relating to petitioner's rights with the result that this petition was filed July 9, 1932.

The petition sets forth that the respondents, who are the executor and sole beneficiaries under the will, knew the petitioner lived in Boston and that he was the closest relative of the deceased and that they failed to give him any notice of her decease.

Petitioner avers that the deceased was of unsound mind when she executed her will and that it was procured by the

undue influence of the respondents. Two affidavits attached to the petition tend to prove the facts set forth by the petitioner.

Petitioner claims that authority to grant his petition is conferred by § 5108, G. L. 1923, which reads, in part, that when any person is aggrieved by any decree of a probate court, and has failed to claim an appeal, he may petition the Supreme Court, within one year after the entry of such decree, for leave to appeal therefrom. He argues that the year within which his petition to this court must be filed did not commence to run until after the expiration of the forty days allowed by statute to claim an appeal from said decree and that his petition was filed within the year as thus extended.

The argument cannot be supported. The statute provides that a person must claim his appeal within forty days after the entry of the decree and that a petition for leave to claim an appeal from such decree must be filed within one year after its entry. §§ 5400, 5108, G. L. 1923. The decree is entered on the day it is made by the probate court and the time for claiming an appeal therefrom is computed from that date. *Dugdale* v. *Chase, Ex.* 52 R. I. 63. A petition for leave to file a belated appeal from such decree must be filed in this court within one year after the entry of such decree. *Matteson* v. *Smith Co.*, 30 R. I. 424. See also *Cohen* v. *Superior Court*, 39 R. I. 272. As the petition was not filed within one year from the date of the entry of the decree in the probate court, this court has no jurisdiction to grant it.

Petitioner also claims jurisdiction is conferred upon this court to grant his petition by that portion of § 4619, G. L. 1923, which states that the Supreme Court shall have general supervision of all courts of inferior jurisdiction to correct and prevent errors and abuses therein when no other remedy is expressly provided. This statute does not apply as nothing has been alleged or shown which entitles petitioner to relief thereunder.

.For the reasons given the petition is denied and dismissed.

*Max Levin, Walter V. Moriarty, Walter V.Connly, George H. Hurley*, for petitioner.

*McGovern & Slattery, Fred B. Perkins*, for respondent.