JOSEPH H. COEN *et al., Trustees, vs.* ELIZABETH E. CORR.

DECEMBER 15, 1959.

PRESENT: Condon, C. J., Roberts and Powers, JJ.

POWERS, J. This is a bill in equity to obtain injunctive and affirmative relief against the respondent for her alleged violation of certain covenants, restrictions and easements. The cause is before us on the respondent's appeal from a decree of the superior court denying her motion to dismiss the complainants' bill on the ground that they are no longer parties in interest.

The bill of complaint was filed December 28, 1955. It appears therefrom that complainants are the trustees under a deed of trust from John Montaquila and his brother Samuel, dated February 14, 1952, assigning and conveying to the trustees the title in fee simple to the lots of land

remaining unsold in a real estate development known as Dean Estates. John and Samuel Montaquila had previously acquired the property from Dean Estates, Inc., a Rhode Island corporation.

The bill alleges and respondent admits that she is the owner of three contiguous parcels constituting a single large lot located in the Dean Estates and that in her deeds, as in the deeds to all purchasers of property therein, there are certain covenants, restrictions and easements, among which is a prohibition against building a fence or wall without the consent of the grantors. This restriction appears to be contained in a general plan related to the development of the entire plat.

It is admitted that notwithstanding this restriction, the respondent has partially constructed an iron fence on her premises. The bill of complaint alleges that on becoming aware of this they notified her by letter of their objection and she agreed to go no further in the erection of the fence. This allegation is denied by respondent.

The respondent's answer contains a cross bill in which she sets forth that the same restriction is in the deeds of all property owners in Dean Estates, but notwithstanding this a considerable number of them, twenty-eight to be exact, have erected fences and constructed walls without objection being made by complainants, and that therefore the latter are estopped to enforce the restriction or covenant against respondent.

A restraining order was entered and various motions were heard from time to time until the present phase of the litigation was reached.

The record discloses that the trust created in 1952 was for a period of five years or in the event of certain contingencies for a lesser period. However, by a decree of the superior court dated September 5, 1957, the trust was extended for one year. On September 9, 1957 respondent filed her first motion to dismiss the bill of complaint, which mo-

188

tion was denied without prejudice November 14, 1957, the court taking cognizance of the decree extending the life of the trust. In his rescript the trial justice made passing reference to complainants' contention that by the language of the trust the provision that it should exist for five years was directory rather than mandatory, and the court further noted that there still remained real estate in the hands of the trustees.

Thereafter respondent again filed a motion to dismiss, claiming that all of the real estate in the hands of the trustees at the time of the denial of her previous motion to dismiss had since been conveyed by them to "John Montaquila, or to his nominee" by virtue of an agreement dated October 24, 1958. This motion was heard on February 5, 1959 and on February 9 the court entered a decree wherein respondent's motion to dismiss was denied without prejudice. It is from that decree that she has claimed an appeal to this court.

When the appeal came on to be heard it became apparent that the jurisdiction of this court was in issue on the question of whether the appeal was from a final decree as required by general laws 1956, §9-24-1, or from such an interlocutory decree as falls within those exceptions authorized by §9-24-7. The question was not raised by complainants, but it is well settled that this court will inquire on its own motion whenever doubt exists. See *Fudim* v. *Kane*, 47 R. I. 357, and *Burns* v. *Burns*, 49 R. I. 421. Counsel were directed to furnish supplementary briefs on this single issue within a specified time and they have complied. On the basis of the authorities cited to us and as a result of our independent research we are of the opinion that the appeal is premature.

The definition of "final decree" was laid down in this court by the leading case of *McAuslan* v. *McAuslan*, 34 R. I. 462, where at page 469 the court quoted with approval *Grant* v. *Phoenix Ins. Co.*, 106 U. S. 429, wherein it was

stated that a final decree "must terminate the litigation of the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but execute the decree it had already rendered." The court adopted this language as the rule in this jurisdiction. Further, quoting from *Johnson* v. *Everett*, 9 Paige (N. Y.) 636, the *McAuslan* case states at page 470, "A decree never can be said to be final where it is impossible for the party in whose favor the decision is made ever to obtain any benefit therefrom without again setting the cause down for hearing before the court * * *."

It is clear from the record in the instant cause that if the decree from which respondent has appealed were to be affirmed, such affirmance would not terminate the proceedings but rather would result in returning the cause to the superior court for the completion of the hearing thereon. It would be of no benefit to complainants here without, as was said in *Johnson* v. *Everett, supra,* requiring them to again assign the cause for hearing in the superior court. The respondent does not admit an indefensible cause of action. In her answer she denies a material allegation and in her cross bill raises the doctrine of estoppel. It follows therefore that if it were to be determined that the present complainants are proper parties, the decree appealed from would necessarily be affirmed and the cause remanded for a further hearing on the merits.

Although it appears from the entries on the jacket that this appeal was taken within ten days from the entry of the decree, this is not a decree granting or continuing an injunction, or appointing a receiver, or ordering a sale of real or personal property, as provided in §9-24-7. The respondent contends, however, that her appeal properly falls within that class of exceptions not provided for by statute, which, in a strict sense interlocutory, must nevertheless be held to contain an element of finality and permit immediate appeal to the end that possible injurious consequences may

be prevented. She cites *McAuslan* v. *McAuslan, supra,* and *Davis* v. *Perrino,* 60 R. I. 145.

The *McAuslan* case is of no assistance to respondent. That case acknowledges with much particularity that there are exceptions to and modifications of the general rule, but the decree appealed from was held to be final. *Davis* v. *Perrino, supra,* is likewise not in point. There the decree appealed from ordered complainant and respondent each to pay one half of the sum awarded as compensation to the temporary receiver, although respondent contended that there had been no necessity for his appointment. The complainant urged that the appeal be dismissed on the ground that respondent had failed to furnish a transcript in accordance with the statute. The court held that the decree had elements of finality warranting an appeal, but stated at page 150, "If it is, therefore, to that extent a final decree, we are of the opinion that the statutory requirements concerning appeals from final decrees in equity must be followed and complied with in order to have the appeal perfected in this court." The circumstances of that case are thus readily distinguishable from those in the case at bar.

In the instant cause respondent complains that she is restrained from completing the erection of her fence until a final determination of the cause on its merits and that the portion of the fence already erected will suffer damage and deterioration from the elements. This, it seems to us, is understandably annoying but is essentially a vexation not uncommon in equity causes.

In *Acme Finishing Co.* v. *Greenville Finishing Co.,* 43 R. I. 294, at page 298, the court stated, "It is not sufficient to bring a case within this exception to the general rule that the party aggrieved by the interlocutory order or decree may suffer some injury or prejudice if he is compelled to wait for the disposition of the entire cause before taking his appeal, but the injury apprehended must be shown to

be clearly imminent and irreparable unless an immediate appeal is allowed."

The respondent's appeal is denied and dismissed without prejudice, and the cause is remanded to the superior court for further proceedings.

*Leo L. Jacques,* for complainants.

*Isidore Kirshenbaum, Alfred Factor,* for respondent.