Grace WAZ

v.

The ESTATE OF Madeleine JUDGE and Philip Judge, Executor of the Estate of Madeleine Judge.

No. 77–448–Appeal.

Supreme Court of Rhode Island.

July 24, 1980.

---

Kenneth A. Colaluca, Cranston, for appellant.

John J. Vallone, Jr., Louis J. Vallone, Providence, for appellees.

## OPINION

DORIS, Judge.

This is an appeal from a Superior Court order in a probate proceeding, granting the appellee's motion to dismiss the appellant's claim of appeal and denying the appellant's motion to file a belated appeal. We reject the appellant's challenge and affirm the order of the Superior Court.

On September 7, 1961, Madeleine Judge executed a document purporting to be her last will and testament. In that document she named her son, Philip G. Judge (appellee), executor and her daughter, Grace J. Waz (formerly Janicki) (appellant), alternate executrix.

Approximately four months prior to her death, Madeleine Judge executed a second document purporting to be her last will and testament and in which she named her daughter executrix. This document dated January 16, 1967, was substantially different from the 1961 will and was the subject of ten years of litigation. This litigation concluded on June 9, 1977, when we upheld a Superior Court judgment holding that the January 16, 1967 document failed for lack of testamentary capacity. *Judge v. Janicki*, 118 R.I. 378, 374 A.2d 547 (1977).

A petition to admit the purported September 7, 1961 will was filed in the Cranston Probate Court, and on August 11, 1977, a decree was issued admitting the will to probate.

Pursuant to G.L. 1956 (1969 Reenactment) § 33–23–1,[1] as amended by P.L. 1975,

---

1. Although appellant did not expressly state she was relying on § 33–23–1 when she filed her claim of appeal, she used a form customarily used in accordance with the statute. The statute reads in pertinent part as follows:

"Any person aggrieved by an order or decree of a court of probate may * * * appeal therefrom to the superior court * * * [w]ithin twenty (20) days after entry of the * * * decree * * * [and] shall file in

ch. 120, § 1, appellant filed in the Probate Court a claim of appeal to the Superior Court on October 14, 1977, sixty-four days after entry of the probate decree. In her claim appellant "request[ed] an extension of [the] appeal period on the grounds of newly discovered evidence."

Pursuant to § 33–23–1 appellant filed her reasons of appeal on November 2, 1977, eighty-three days after entry of the probate decree.[2] This time appellant claimed the existence of "extraordinary circumstances and factual situation[s] involved in the estate * * *."

The appellee filed a motion to dismiss appellant's appeal on the grounds that she had failed to comply with the time requirements of 33–23–1 and that, therefore, the Superior Court lacked jurisdiction to hear the matter.

On November 17, 1977, ninety-eight days after entry of the probate decree, appellant filed an objection to appellee's motion to dismiss the appeal.

Simultaneously with the filing of her objection appellant filed a "Motion For Leave To File A Belated Appeal" pursuant to G.L. 1956 (1969 Reenactment) § 9–21–6,[3] as amended by P.L. 1972, ch. 169, § 7. In her motion appellant stated "that the circumstances of this case are of such importance and are so unique as to warrant * * * an extension of the appeal period * *."

On November 19, 1977, appellee filed an objection to appellant's motion, claiming that the Superior Court lacked jurisdiction because appellant failed to file a petition within the ninety-day time period set forth in § 9–21–6.

The trial justice entered an order on December 9, 1977, denying appellant's motion for leave to file a belated appeal and granting appellee's motion to dismiss appellant's appeal.

■ On appeal appellant does not, and indeed cannot, argue that she perfected her claim of appeal under § 33–23–1. The claim of appeal was filed sixty-four days after entry of the August 11, 1977 probate decree, well beyond the time allowed under that statute. The lower court, therefore, lacked jurisdiction to hear the matter under this claim. *Steinhof v. Keefer*, 101 R.I. 472, 224 A.2d 897 (1966).

The appellant does challenge, however, the trial justice's denial of her motion to file a belated appeal under § 9–21–6. She contends that her claim of appeal and reasons of appeal constituted a petition within the meaning of the statute. She further contends she satisfied the time limits of § 9–21–6 because her reasons of appeal were filed on November 2, 1977, eighty-three days after the 1961 will had been admitted to probate.

■ The statute in question, § 9–21–6, is quite explicit: an appeal may be allowed "upon petition filed within ninety (90) days after the entry of such * * * decree * * *." Here, appellant's November 17 motion for leave to file a belated appeal was clearly void because it was filed ninety-eight days after entry of the probate decree. The lower court lacked jurisdiction to entertain the matter under this motion. *See Walquist v. Hodson*, 53 R.I. 322, 323, 166 A. 546, 547 (1933).

■ It is evident that appellant sought to convert her claim of appeal and reasons of

---

the office of the clerk of the probate court a claim of appeal * * *."

2. Reasons of appeal may be filed pursuant to § 33–23–1 "[w]ithin thirty (30) days after the entry of such order or decree * * *."

3. The statute, § 9–21–6, reads as follows:
   "Allowance of appellate proceedings after time expired.—When any person is aggrieved by an order, decree, decision or judgment of the district court or of any probate court or town council from which an appeal or other

review is available in the superior court, and from accident, mistake, unforeseen cause, excusable neglect has failed to claim his appeal, the superior court, if it appears that justice so requires, may, upon petition filed within ninety (90) days after the entry of such order, decree, decision, or judgment, allow an appeal to be taken and prosecuted upon such terms and conditions as the court may prescribe."

appeal, filed under § 33–23–1, into a petition for leave to file a belated appeal under § 9–21–6. But even though the claim of appeal and reasons of appeal were filed within the time limits of § 9–21–6, neither appeal apprised the trial justice of the fact that appellant sought relief under that statute. "[I]t is incumbent upon counsel to direct the trial court's attention to the specific statute or rule on which the movant relies * . * *." *Shannon v. Norman Block Inc.,* 106 R.I. 124, 129, 256 A.2d 214, 218 (1969).

We have recognized "that courts of a state take judicial notice of its public statutes and if the facts alleged in the declaration bring the case within the statute it is, under these circumstances, unnecessary to declare specifically upon the statute." *Landi v. Kirwin & Fletcher,* 52 R.I. 57, 59, 157 A. 301, 302 (1931).

■ In the present case, however, the trial justice could not take judicial notice that appellant was implicitly relying on § 9–21–6 in her claim of appeal and reasons of appeal. The averments made in those actions did not constitute grounds allowed under the statute. In her claim of appeal appellant averred "newly discovered evidence" and in her reasons of appeal she averred "extraordinary circumstances and factual situation[s] involved in the estate * * *." Although § 9–21–6 is a curative

statute, one must expressly allege that there was a failure to claim an appeal or that such failure was due to accident, mistake, unforeseen cause, or excusable neglect.[4]

■ Clearly the trial justice was not reasonably informed that the appellant was attempting to invoke § 9–21–6 since the appellant did not state she was relying on the statute and/or did not recite grounds upon which relief could be afforded thereunder. We therefore cannot say that from a review of the entire record, the findings of the trial justice were clearly wrong or the trial justice misconceived or overlooked material evidence in granting the appellee's motion to dismiss the appellant's claim of appeal and in denying the appellant's motion to file a belated appeal. *Raheb v. Lemenski,* 115 R.I. 576, 579, 350 A.2d 397, 399 (1976).

The appellant's appeal is denied and dismissed, the order is affirmed and the case is remanded to the Superior Court.

MURRAY, J., did not participate.

---

4. Prior to 1972, § 9–21–6 gave jurisdiction to the Supreme Court to hear a petition to file a probate appeal out of time within a one-year period. The older statute included "lack of evidence newly discovered" as grounds to grant such a petition. The statute was re-

pealed by P.L. 1972, ch. 169, § 7, and in its present form gives jurisdiction to the Superior Court. Lack of newly discovered evidence, however, is no longer recognized as grounds to grant a petition.