William S. BURFORD et al.

v.

ESTATE OF Carolyn SKELLY et al.

No. 97–341–M.P.

Supreme Court of Rhode Island.

Aug. 12, 1997.

John A. MacFayden, Providence, Frank A. Ray, Kent A. Willever, Providence, Joseph M. Rameaka, N. Kingstown, Joseph M. Codega, Cranston, Tobias M. Lederberg, Providence, Arthur W. Murphy, Newport, for Plaintiff.

Martin M. Tempkin, Deming E. Sherman, Richard W. MacAdams, Bernard A. Jackvony, Stephen H. Burke, Providence, for Defendant.

Before WEISBERGER, C.J., and BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This matter originally came before the Supreme Court pursuant to a petition for certiorari filed by the petitioners, William S. Burford and Carolyn Burford Brady (petitioners), seeking review of a Superior Court judgment sustaining the appeal of the respondent Ann B. Fletcher (Fletcher) from a decision of the Probate Court of the City of Newport. This decision of the Probate Court allowed the petitioners to conduct limited discovery in preparation for a hearing in that court on the admission of a will for probate. In addition, the petitioners sought a stay of the Superior Court judgment pending this court's decision on the petition for certiorari. This motion for a stay was originally denied. On July 9, 1997, however, the petitioners renewed their request for a stay upon the basis of newly discovered evidence. The court granted this motion and issued an order that stayed the proceedings in the Probate Court with respect to the admission of the will. The respondents have filed a motion to vacate the stay and a request for argument before the full court on the motion and objection to the petition for certiorari. After careful consideration of the motions filed and review of the extensive memoranda submitted by the parties, we conclude that the issues raised by the parties are questions of law that are capable of immediate resolution by this court. Accordingly we grant the petition, issue the writ of certiorari, and quash the decision and order of the Superior Court. The facts giving rise to this litigation are largely undisputed and have been gleaned from the memoranda filed by the parties.

On December 10, 1996, Carolyn Skelly (Skelly) died in Newport, Rhode Island, survived by three children, petitioners and respondent Fletcher, who is the mother of respondents Marianne Borgono and Carolyn Briggs. Skelly left an estate worth approximately $43 million consisting of real estate in St. Louis, Missouri, and Newport as well as liquid assets consisting largely of a bond fund totaling approximately $25 million.[1] On December 17, 1996, respondent Fletcher petitioned the Probate Court of the City of Newport to admit a signed carbon copy of a 1969 document purported to be Skelly's last will and testament. The petitioners opposed Fletcher's petition. The petitioners allege that Missouri, not Rhode Island, is the proper forum for the administration of this estate and argue that Skelly died a domiciliary of Missouri and not of Rhode Island. The petitioners argue that the original 1969 will was later revoked by Skelly and further allege she died intestate.

The Probate Court judge appointed a custodian to protect the assets that remain in Rhode Island. The Probate Court judge also entered an order allowing petitioners limited discovery by way of interrogatories and depositions to be taken prior to a hearing before the court on the merits of respondent Fletcher's petition. The order stipulated that the discovery would be conducted under the supervision of the Probate Court. Fletcher objected to the discovery order and filed a claim of appeal in the Superior Court. In her appeal Fletcher argued that the Probate Court does not have jurisdiction to permit pretrial discovery. The petitioners disagreed and moved to dismiss the appeal. Both matters were heard on May 16, 1997.[2]

On May 28, 1997, the Superior Court justice entered a judgment in favor of respondent Fletcher and issued an order reversing and vacating the discovery order of the Probate Court. In a written decision the Superior Court justice held that the Probate Courts in Rhode Island are without statutory authority to permit the type of discovery ordered by the Newport Probate Court. The justice reasoned that although the Legislature endowed the Superior, the Family, and the District Courts with broad powers to enact rules of practice and procedure, including the authority to order discovery and to control its scope, no such authority exists with respect to the Probate Courts of the state. The justice ruled that G.L.1956 §§ 8–9–17 and 8–9–17.1, which petitioners argued indicate a legislative intent to authorize discovery in the Probate Courts, applied solely to the *receipt* of evidence by the court and cannot be read as permitting the taking of discovery in advance of hearing. The Superior Court justice also stated that if discovery were permitted in the Probate Courts any party aggrieved by any discovery order could appeal such order to the Superior Court. "This would cause unreasonable delays." We respectfully disagree.

Section 8–9–9, "General probate jurisdiction," provides in pertinent part that "[e]very probate court shall have jurisdiction * * * and also power to do and transact all matters and things incidental to the jurisdiction and powers vested in the probate courts by law." Section 8–9–17, "Power to summon and receive evidence," provides:

"Any probate court may require the attendance of any party or person, whom it may see fit to examine or *cause to be examined* in any proceeding pending in said court, and may examine or *cause to be examined* on oath parties and witnesses, either orally, or on written interrogatories, or both, or may receive their affidavits and *may require any writings or other evidence pertinent in such proceedings to be produced,* before itself *or otherwise,* and may issue writs of subpoena ad testificandum, and or subpoena duces tecum." (Emphasis added.)

---

1. The respondents contend that the bond is an Illinois asset because it is invested with a company whose administrative offices are located in Chicago, Illinois. The petitioners maintain this asset is part of Skelly's personal estate and is located in Missouri, where it has been administered.

2. As part of their motion petitioners argued that respondents had failed to file a separate document entitled "Reasons for Appeal," as is required by statute. As it is not germane to the petition and various motions presently before this court, that issue will not be addressed.

In light of the inherent power of the Probate Courts of this state to do all which is necessary and incidental to the jurisdictional powers provided in § 8–9–9, we hold that § 8–9–17 vests the Probate Court with the authority to permit such limited discovery it deems just and appropriate in the exercise of its sound discretion. To hold otherwise would limit a party's access to relevant and often vital information to the actual hearing on the merits. This process would most certainly result in even further delay as well as adversely affecting the quality of the parties' presentation. We are of the opinion that this case should proceed to a trial on the merits in the Probate Court as expeditiously as possible.

Accordingly we remand this matter to the Probate Court of the City of Newport for further proceedings, including a determination of the domicile of the decedent and a resolution of the issue of admitting or refusing to admit the will to probate. The Probate Court in its discretion and under its direction may permit such limited discovery as it deems appropriate in the circumstances. The Probate Court may use the Superior Court Rules of Civil Procedure as a guide in fashioning its discovery orders. In so holding, we hasten to add that these discovery orders are not appealable to the Superior Court as they lack the requisite finality. We hold that only those orders of the Probate Courts that contain an element of finality, including the appointment of an executor, an administrator C.T.A., or an administrator, or an order admitting or refusing to admit a will to probate, are orders that are sufficiently final and thereby appealable to the Superior Court pursuant to G.L.1956 § 33–23–1.

The petition for certiorari is granted, and the decision and order of the Superior Court are quashed. The papers of the case may be remanded to the Probate Court for further proceedings consistent with this decision.

LEDERBERG, J., did not participate.