In re Loretta MAURER.

No. 96–591–Appeal.

Supreme Court of Rhode Island.

Jan. 23, 1998.

Robert J. Connelly, Jr., Lincoln.

Monica Horan, Pawtucket.

**ORDER**

This case came before a hearing panel of this court January 20, 1998, for oral argument pursuant to an order that had directed the appellant, Nancy Gibson, to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

Nancy Gibson has appealed from the dismissal of her probate appeal in the Superior Court on the ground of failure to prosecute. Gibson was removed by a probate judge for the city of Pawtucket as guardian of her grandmother for failure to abide by the requirements imposed upon her by law. The probate judge found that she had failed to render annual accounts for a period of five years and that she had improperly managed the grandmother's estate. The probate judge also disallowed her proposed first and final account.

Following this determination Gibson appealed to the Superior Court. She took no action in support of her appeal until her successor guardian filed a motion to dismiss her appeal approximately one year after it was filed. The motion to dismiss was heard sixteen months after the filing of the appeal. A Superior Court justice found that there was no justifiable excuse for this delay and in accordance with G.L. 1956 § 33–23–12 dismissed the appeal for failure to prosecute as the statute required.

Neither Gibson nor her counsel offered any justifiable reason for failure to comply with § 33–23–9, which requires that a pro-

bate appeal shall, unless otherwise ordered by the court, be in order for assignment on the assignment day which occurs next after sixty-five days from the date of the order or decree appealed from. Gibson did not request any extensions of time.

In the circumstances of this case, we conclude that the Superior Court justice did not err or abuse his discretion in granting the motion to dismiss.

Consequently, the appeal of Nancy Gibson is denied and dismissed. The judgment of the Superior Court dismissing her probate appeal is affirmed.

LEDERBERG and BOURCIER, JJ., did not participate.