**In re John OLIVEIRA.**

**No. 99–15–Appeal.**

Supreme Court of Rhode Island.

Jan. 29, 2001.

Dennis J. Tente, Cranston, Roger R. Demers, Providence, for Plaintiff.

Anthony DeSisto, Providence, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on December 6, 2000, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. John Oliveira (John) appeals from a Superior Court judgment denying and dismissing his appeal with prejudice from a decision rendered by the Probate Court of the Town of Warren. After hearing counsels' arguments and considering the memoranda submitted by the parties, this Court is of the opinion that cause has not been shown. Therefore, this appeal will be decided summarily.

Peter Oliveira (Peter), John's father, died on January 6, 1992. Peter's last will and testament later was duly presented for probate in the Probate Court for the Town of Warren. Peter's two children, a son, John, and a daughter, Beatrice Hedrick, challenged the validity of the will and its admission to probate.[1]

Following a hearing in the Probate Court, the probate judge rejected the challenge to Peter's will and admitted it to probate, detailing his reasons for doing so in an eight-page opinion entitled "Decision." That decision was signed by the probate judge, filed with the town clerk and recorded by her on April 9, 1992. It provided in part:

"Based on the evidence presented the decision which the court must make is clear. That decision is that the will dated April 11, 1985 is the will of the

---

1. Because Peter and John share the same last name we will refer to them by their first names for purposes of convenience, and in so doing no disrespect is intended. Peter's

daughter, Beatrice, who challenged their father's will in the probate court, has filed no appeal.

testator and that the testator possessed capacity to make the will and that he was not subjected to undue influence or fraud in its making. The will is therefore admitted to Probate as of the entry date of this opinion."

Thereafter, on April 29, 1992, John filed his notice of appeal in the Warren Probate Court and, on May 29, 1992, filed in the Providence County Superior Court a one-page document entitled, "Appeal for De Novo Jury Trial." Counsel representing the residual devisee under Peter's will then moved to dismiss John's appeal, citing John's failure to perfect his appeal by filing within thirty days after the entry of the probate order or decree, a certified copy of his claim, the record of the probate proceedings and his reasons of appeal as required by G.L.1956 § 33–23–1. Section 33–23–1 provides: [2]

"Any person aggrieved by an order or decree of a court of probate may, unless provisions be made to the contrary, appeal to the superior court for the county in which the probate court is established, by taking the following procedure:

(1) *Within twenty (20) days* after entry of *the order or decree,* he or she shall file in the office of the clerk of the probate court a claim of appeal to the superior court and a request for a certified copy of the claim and the record of the proceedings appealed from, and shall pay the clerk his or her fees therefor.

(2) *Within thirty (30) days* after the entry of the *order or decree,* the appellant shall file in the superior court a certified copy of the claim and record and the reasons of appeal specifically stated, to which reasons the appellant shall be restricted, unless, for cause shown, and with or without terms, the superior court shall allow amendments and additions thereto." (Emphases added.)

John objected to the motion to dismiss on the ground that the probate judge's written eight-page opinion was a "decision," not a required "order" or "decree" as alleged under case law and statute.[3] A Superior Court motion justice on September 15, 1998, rejected John's contention and granted the motion to dismiss with prejudice. A final judgment dismissing his appeal was entered. John appeals therefrom to this Court.

The sole question posed to this Court is whether John's appeal of the Probate Court "Decision" admitting his father's will to probate was timely filed with the Superior Court. For the following reasons, we conclude that John's appeal was not within the required appeal time and, thus, was not timely.

In this case, John's one-page document, entitled simply as "Appeal for De Novo Jury Trial," filed in the Superior Court on May 29, 1992, well after the thirty-day limit imposed by § 33–23–1(2), failed to comply with the specific filing mandate contained in that statute.

Nevertheless, John contends here that because the probate judge only issued a "decision," and not an "order" or "decree," as required by § 33–23–1(2), his appeal is not untimely. We disagree.

---

2. General Laws 1956 § 33–23–1 was amended by P.L.1996, ch. 110, § 13, which went into effect July 31, 1996. The portions of the statute cited are those that were in effect in April 1992, prior to the amendment.

3. Both sides cite to G.L.1956 § 33–22–31(a), "Form of order and decree," which states in part,

"Every decision of a probate court shall be reduced to a written order or decree, promptly executed by the probate judge,

entered and filed in a timely fashion by the probate clerk. No party can rely upon any action, inaction or instructions of the probate court nor take an appeal from any decision of the probate court that has not been reduced to a written order or decree duly executed by the probate judge."

Since the provision was not in effect in April 1992, and since our case law on the question presented to us is dispositive, we do not address this statute in our discussion.

In *Raymond v. Raymond,* 109 R.I. 265, 270, 284 A.2d 64, 67–68 (1971), we stated that a "decree" is a "judicial fiat or pronouncement that determines a matter in controversy." We also referred to a "decree" as a *"decision* made in our equity courts, probate courts or other tribunals * * *." *Id.* at 271, 284 A.2d at 68. (Emphasis added.) In doing so, we rejected semantical exactitude or excessive formalism in determining what constitutes a proper judicial decree or order:

> "While legal preciseness requires that the word 'judgment,' be applied to a decision made by a court of law and the word 'decree' be referred to as a decision made in our equity courts, probate courts or other tribunals that follow the course of equity, the term 'judgment,' when used in its broad sense, includes a decree and a judgment. A rendition of judgment is a judicial act which settles the respective rights and claims of the litigants." *Raymond,* 109 R.I. at 270–71, 284 A.2d at 68.

We also have concluded that a decree becomes effective when it is signed by the judge and entered by the clerk. *Raymond,* 109 R.I. at 272, 284 A.2d at 68. In *Coen v. Corr,* 90 R.I. 185, 156 A.2d 406 (1959), we reiterated that a final decree "must terminate the litigation of the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the decree it had already rendered." *Id.* at 189, 156 A.2d at 408 (quoting *McAuslan v. McAuslan,* 34 R.I. 462, 469, 83 A. 837, 840 (1912)).

The decision filed by the probate judge on April 9, 1992, in this case we believe comes within the purview of a "decree." It was a judicial act of the probate judge that settled the respective rights and claims of the two contestants challenging the probating of Peter's will and it terminated litigation of the will contest in the Warren Probate Court. The decision was signed by the probate judge and duly filed by the town clerk. We are mindful of the guidance provided by *Raymond* in warning us not to be bound by formal labeling in discerning the true meaning of a judicial pronouncement. Here, the judge entitled his eight-page written opinion "Decision," concluding that Peter's will had been properly executed by him and that when he executed the will, Peter was of sound and disposing mind and memory. Accordingly, he ordered that the will be "admitted to Probate as of the entry date of this opinion."

Thus, John's appeal is denied. The Superior Court's dismissal of John's untimely probate appeal was proper and the final judgment is affirmed. The papers in this case will be returned to the Superior Court.