DECISION
Before the Court is the Appellee's Motion to Dismiss Appellants' probate appeal for failing to comply with Rhode Island General Laws §33-23-1, et. seq. Appellants have objected to the motion and filed Counter-Motions seeking declarative orders by this Court regarding the probate appeal. This Court has jurisdiction to hear these motions pursuant to Rhode Island General Laws § 33-23-1, et. seq.
 Facts/Travel
The pertinent facts are as follows. The Appellants, Katherine M. Kelley and Thomas W. Pearlman, are the named co-executors under the Last Will and Testament executed by Brandt H. Jepson on February 19, 1996. Brandt H. Jepson, a resident of Providence, Rhode Island, died on May 14, 1998. The Appellants filed a petition to probate his Will with the Providence Probate Court shortly thereafter. Herbert Jepson, Brandt H. Jepson's father, contested the Appellants' petition and also filed a petition for administration requesting that his other son, Donald Jepson, the Appellee in this action, be appointed administrator of the estate. On April 4, 2000, the Providence Probate Court entered a Decision and disallowed the Will on the grounds of incompetence. In doing so, the Probate Court denied the Appellants' petition to probate Brandt Jepson's Will and granted Herbert Jepson's petition for administration. The court also appointed the Appellee as Administrator and Appraiser of Brandt Jepson's Estate.
On April 24, 2000, one of the Appellants' attorneys, Robert J. Ameen, filed a Claim of Appeal with the Probate Clerk of Providence. According to Attorney Ameen, a request was made for a certified copy of the Claim of Appeal and the record of the proceedings on that same date. See Ameen Aff., paragraph 5. Attorney Ameen also stated in his affidavit that due to the size of the record appealed from, the Probate Clerk mentioned that she would contact him when the record had been copied. Id. On May 2, 2000, Attorney Ameen filed Reasons of Appeal with the Superior Court along with a certified copy of the Claim of Appeal. The Reasons of Appeal stated however that "the probate court record of the proceedings appealed from is voluminous and will not be ready at the time of the filing of these Reasons of Appeal."
On May 22, 2000, the Appellee filed the present Motion to Dismiss for failure of the Appellants to comply with Rhode Island General Laws §33-23-1. In his accompanying memoranda, the Appellee argues that the Appellants did not file a request for certified copies of the record pursuant to Rhode Island General Laws §§ 33-23-1(a)(1) and (b) with the Providence Probate Court within twenty (20) days after April 4, 2000.[1]
The Appellee also argues that the Appellants failed to order the transcript
from the Probate Clerk within twenty (20) days. The burden to produce the transcripts, the Appellee maintains, is on the Appellant pursuant to Rhode Island General Laws § 33-22-19.1(c).
Furthermore, the Appellee contends that the Appellants did not file certified copies of the record or the transcript with the Superior Court within thirty (30) days of the same date in violation of Rhode Island General Laws § 33-23-1(a)(2). He states that the deadlines imposed by these statutes are jurisdictional and may not be extended by either the Probate Court or the Superior Court under the circumstances of this case. Moreover, the Appellee points out that extensions of time found in Rhode Island General Laws §§ 33-23-1(c) and (e) are unavailable to the Appellants, and that Rhode Island General Law § 9-21-6 does not assist the Appellants in saving his claim because he had notice of the underlying order and decision.[2]
In response to the Appellee's Motion to Dismiss, the Appellants contend that they have fulfilled their procedural obligations for filing a claim of appeal for judicial review of a probate court decision.
They request that this Court allow the late filing of the record of proceedings and order that their appeal is not subject to dismissal pursuant to Rhode Island General Law § 33-23-12.[3] They argue that any delay in filing documents or perfecting their appeal was caused by the large size of the record of proceedings and the Probate Clerk's inability to make copies within the required time limits. The Appellants further argue that even if this Court finds that the record of proceedings was not filed in time, they can still perfect their appeal under Rhode Island General Law § 33-23-1(b), which allows for corrections or additions to the record, or under § 33-23-1(c), which allows for an extension of additional time reasonably necessary to complete the record. Additionally, the Appellants claim that Rhode Island General Law § 9-21-6 allows for appellate proceedings after time has expired. The Appellants also assert that if this Court rejects the aforementioned arguments, then the Court should declare the section of the statute which mandates the filing of the record, over which an appellant has no ultimate control, unconstitutional for unfairly and irrationally depriving a party of the due process right to appeal. Alternatively, the Appellants state that the Court should declare that the Probate Court decision is not an appealable order since the Appellee failed to comply with Rhode Island General Law § 33-22-31.[4]
 Perfection of Appeal
It should be noted from the beginning that on appeal the Appellants do not, and in fact could not, argue that they perfected their claim of appeal pursuant to Rhode Island General Law § 33-23-1.
Although the Appellants filed their claim of appeal in the Office of the Clerk of the Providence Probate Court within the appropriate amount of time, and filed their Reasons of Appeal and a certified copy of the Claim of Appeal in the Superior Court within the appropriate time, the appeal to the Superior Court did not contain certified copies of the record or a transcript of the probate proceedings within the time allowed by § 33-23-1. The Appellants themselves state in their Reasons of Appeal that "the probate court record of the proceedings appealed from is voluminous and will not be ready at the time of the filing these Reasons of Appeal." The Appellants, aware that they were under an obligation to file such records along with the appeal, also motioned the Court to extend the time to file the record of proceedings.
Rhode Island General Laws §§ 33-23-1(a)(1) and (a)(2) both make reference to filing the record or the record of the proceedings appealed from, which subsection (b) defines as including "copies of documents filed with the probate court and certified by the probate clerk which are relevant to the probate appeal and the transcript (if any) of the relevant probate court proceedings." In the present case, the Probate Court record consists of documents and a transcript, yet neither were filed within the statutory deadlines along with the Reasons for Appeal. Therefore, the question before this Court is not whether the Appellants perfected their appeal within the appropriate statutory deadlines, but whether exceptions or circumstances exist that would allow the Appellants to file certified copies of the probate proceedings and the transcript beyond those deadlines.
 Statutory Deadline
The first issue that must be resolved is to determine when the Appellants were required to file an appeal. The Appellants argue that the Decision written by the Providence Probate Court Judge on April 4, 2000 did not start the appeal period because it was not a valid and appealable decree pursuant to Rhode Island General Law § 33-23-31. The Appellants claim that they only filed the present appeal out of caution in case the April 4, 2000 Decision was wrongly considered the start of the appeal period.[5] The Appellee, on the other hand, argues that the Decision written by the Probate Judge does satisfy § 33-23-31 because it was a "decree" as defined by Rhode Island case law. Rhode Island General Law § 33-23-1(a) states that "[a]ny person aggrieved by an order or decree of a probate court . . . may, unless provisions be made to the contrary, appeal to the superior court for the county in which the probate court is established." (Emphasis added.) Rhode Island General Law § 33-22-31(a) states that "[e]very decision of a probate court shall be reduced to a written order or decree, promptly executed by the probate judge, entered and filed in a timely fashion by the probate clerk." The Appellants assert that no appealable order or decree has been filed, and point out that Rhode Island General Law § 33-22-31(b) states that "[i]f a form of order or decree is not available for execution by the probate judge at the time of the hearing, the court shall require the prevailing party to submit a proposed form of order or decree by regular mail to all parties who have entered an appearance in the matter." Appellants state that this procedure was never followed, and as a result, there never has been an appealable decision (decree). Finally, subsection (a) states that "[n]o party can rely upon any action, inaction or instructions of the probate court nor take an appeal from any decision that has not been reduced to a written order or decree duly executed by the probate judge." Rhode Island case law is replete with decisions regarding the time for taking appeals from order and decrees of the Probate Court. The Rhode Island Supreme Court has "unequivocally held that the time for taking an appeal from an order or decree of the Probate Court begins to run from the time the decree is entered." In re Estate of Speight, 739 A.2d 229, 231 (R.I. 1999) (citing Yetner v. Corkery Genealogical, Inc., 706 A.2d 1331, 1331 (R.I. 1998); Waz v. Estate of Judge, 417 A.2d 326, 328 (R.I. 1980)). The question still remains, however, as to what constitutes an order or decree for purposes of Rhode Island General Law § 33-23-1. Fortunately, the topic has also been discussed by our Supreme Court on numerous occasions.
In re Oliveira, the appellant objected to a motion to dismiss his probate appeal on the grounds that the probate judge's written opinion was a decision, and not an order or decree as required by § 33-23-1. See In re Oliveira, No. 99-15A, 2001 WL 68356 (R.I. Jan. 29, 2001). The Supreme Court disagreed, and stated that "a `decree' is a `judicial fiat or pronouncement that determines a matter in controversy.'" Id. at 2 (citing Raymond v. Raymond, 284 A.2d 64, 67-68 (1971)). It also declared that a "decree" is a "decision made in our equity courts, probate courts or other tribunals." Id. (citing Raymond, 284 A.2d at 68.) In making these determinations, the court rejected "semantical exactitude or excessive formalism in determining what constitutes a proper judicial decree" and instead looked for a "judicial act which settles the respective rights and claims of the litigants." See Oliveira, WL 68356 at 2; Raymond, 284 A.2d at 68. The court also noted that a decree becomes effective when "it is signed by the judge and entered by the clerk." Id. In another opinion, the Supreme Court held that "only those orders of the Probate Courts that contain an element of finality, including the appointment of an executor, an administrator C.T.A., or an administrator, or an order admitting or refusing to admit a will to probate, are orders that are sufficiently final and thereby appealable to the Superior Court pursuant to G.L. 1956 § 33-23-1." Burford v. Estate of Kelly,699 A.2d 854, 856 (R.I. 1997).
The court in Oliveira found that the decision filed by the probate judge came within the purview of a "decree." The court noted that the decision was "a judicial act of the probate judge that settled the respective rights and claims of the two contestants challenging [the will]." Oliveira, 2001 WL 68356 at 2. It pointed out that the opinion was signed by the probate judge, filed by the probate clerk, and actually entitled "Decision." Very similar circumstances exist in the present case. The eighteen page Decision of the Providence Probate Judge terminated the respective rights of the two contestants challenging the probating of the Will and contained an element of finality by disallowing the Will and appointing Donald Jepson as Administrator and Appraiser. The Decision also was signed by the Probate Judge on a line next to the word "Enter" and dated "4-4-2000." Below his signature was the signature of Deputy Julia M. Rollins next to the words "By Order." Furthermore, as also was the case in Oliveira, the opinion was entitled "Decision" on the first page.
The Appellee has also offered copies of two statewide preprinted forms in which the respective petitioners sought the appointment of an administrator and allowance of Brandt Jepson's Will. Both instruments were originally dated May 18, 1998, four days after the death of Brandt H. Jepson. At the bottom of one form, below the word "DECREE," the Providence Probate Judge appointed Donald H. Jepson as Administrator and Appraiser and fixed bond at $700,000 without surety. The Judge also signed his name next to the word "ENTER" and the date of "April 4, 2000." At the bottom of the other form, also under the word "DECREE," the Providence Probate Judge disallowed the Will, and signed his name next to the word "ENTER" and the date of "April 4, 2000."
Pursuant to Rhode Island General Law § 33-22-31, the Providence Probate Judge's Decision was "reduced to a written order or decree" and entered in a timely fashion. Subsection (b) of § 33-22-31 does not apply to the instant case because a decree was not only entered in the form of the Probate Judge's eighteen page Decision, but actual "decrees" exist on the preprinted statewide forms that were signed by the Judge. These instruments obviate the need for the prevailing party to submit a proposed order. Preparing an order as the Appellants suggest would be a mere formality which the Court in Raymond warned against when discerning the true meaning of a judicial pronouncement. See Raymond, 284 A.2d 64.
It should be noted that the Supreme Court specifically stated in Oliveira that § 33-22-31 was not in effect when the probate decision in the case was rendered.[6] The Appellants attempt to distinguish Oliveira for that very reason. This Court, however, is not persuaded. The holdings found in Oliveira and Raymond, pertaining to what constitute a decree for purposes of § 33-23-1, apply equally to § 33-22-31
rendering the same outcome. Section 33-22-31 states that a party cannot take an appeal that "has not been reduced to a written order or decree duly executed by the probate judge." See R.I.G.L. § 33-22-31(a). In the present case, a decree does exist, also in the form of a decision, and a person may not only appeal from such a decision, but he or she must do so pursuant to the time limitations found within § 33-23-1.
For the above reasons, this Court finds that the Decision signed by the Providence Probate Judge on April 4, 2000 is a valid decree for purposes of § 33-23-1. Therefore, the date in which the appeal period began to run was April 4, 2000.
Rhode Island General Laws §§ 33-23-1(a)(1) and (a)(2)
The Appellee argues that the Appellants violated § 33-23-1(a)(1) by failing to request certified copies of documents with the Probate Court and order the transcript within twenty (20) days of April 4, 2000. The Appellee also argues that the Appellants violated § 33-22-1(a)(2) by failing to file certified copies of documents contained in the record or file a transcript within thirty (30) days of April 4, 2000.
There is some discrepancy as to whether the Appellants ordered certified copies of documents contained in the record. The Appellee offers from the Clerk of the Providence Probate Court testimony that the Appellants never requested any certified copies of the record of the proceedings. The Appellants' attorney, however, states in his affidavit dated June 3, 2000 that he made a request to the Probate Clerk for the record of the proceedings but was told he would receive a call when all the documents were finally copied. Also, the Claim of Appeal itself filed with the Probate Court in Providence requests at the bottom "a certified copy of said claim and the record of the proceedings appealed from," which would include the transcript as defined under § 33-23-1(b). Therefore, whether the Appellants failed to satisfy the requirements found in § 33-23-1(a)(1) is inconclusive.
Nonetheless, as stated earlier, it is clear from the record that the Appellants did not properly perfect their appeal pursuant to §33-23-1(a)(2). Apparently cognizant of that situation, the Appellants filed, along with their Reasons of Appeal, a motion for additional extension of time to file the transcript of the Probate Court proceedings pursuant to Rhode Island General Law § 33-23-1(c). That motion was subsequently denied on July 11, 2000. Along with that motion, the Appellants have, in an effort to revive their appeal which is currently under attack by the Appellee's Motion to Dismiss, filed a petition pursuant to Rhode Island General Law § 9-21-6.
Rhode Island General Law § 9-21-6
The Appellants request that the appeal be allowed to be taken and prosecuted because of mistake, unforeseen cause and/or excusable neglect as permitted by § 9-21-6. Essentially, the Appellants argue that the Reasons of Appeal did not satisfy § 33-23-1 because of the neglect by the Probate Clerk as to the copying of the documents and by the "uncooperativeness" by the Appellee's attorney as to the transcript.
Relief by reason of § 9-21-6 "was not intended as an alternative method of appellate review, nor as a means of circumventing time limits on appeal, except where compelling considerations of justice require that course." See Steinhof v. Keefer, 224 A.2d 897, 899 (R.I. 1966). There is nothing compelling in the facts of this case that persuades this Court that justice requires relief be granted by reason of § 9-21-6. Moreover, there is simply no evidence that indicates the Appellants lacked notice of the appeal period. In fact, the Appellants' attorney explicitly states in his affidavit that he received the Decision in the mail on or about April 4, 2000, and discussed his course of action regarding the appeal period with a co-attorney.
The Appellants also argue in their petition that "R.I.G.L. § 33-23-12
provides the Superior Court with discretion to enter an order as justice may require where the appellant has timely filed his reasons of appeal but fails to perfect the appeal." This section does not assist the Appellants, and their reliance on this section in an effort to save their appeal is misplaced. Section 33-23-12 merely provides a vehicle upon which any interested person may rely when motioning the Superior Court to affirm the probate decree or "make such other order or decree as justice may require." The section does not provide a substantive or procedural remedy which would assist the Appellants in the present case.
Moreover, § 33-23-1(e) states that "[t]he deadlines of subsections (a)(1) and (a)(2) of this chapter are jurisdictional and may not be extended by either the probate court or the superior court, except for purposes of extending the time to file the transcript under subsection (c)." The mandates of § 33-23-1(e) suggest that § 33-23-12 was intended for interested persons seeking to dismiss a probate appeal, rather than being used as an appellant's basis for an appeal in the first instance. See e.g. In re Loretta Maurer, 706 A.2d 1330 (R.I. 1998) ("A Superior Court justice found that there was no justifiable excuse [for the appellant's] delay and in accordance with G.L. 1956 § 33-23-12
dismissed the appeal for failure to prosecute as the statute required.") Therefore, for the reasons stated above, this Court denies the Appellants' petition for relief pursuant to § 9-1-26.
The Appellants have made additional arguments that are unavailing, namely, that the statutory scheme involved in probate appeals is unconstitutional because it deprives a person due process of the law and right to a jury trial, and that § 33-23-1(b) allows for corrections or additions to the record in order to perfect their appeal. The statute is unconstitutional, they argue, because even though an appellant abides by his or her procedural obligations, an appeal may be lost by the mistake or neglect of another party. The Appellants cannot shift the responsibility of timely filing an appeal on another and claim the statute is unconstitutional. The responsibility of timely bringing an appeal is on the Appellant.
If for any reason an appellant is having difficulty with a third party, the appellant can obtain a court order mandating that copies be made or something be done. Furthermore, § 33-23-1(b) does not assist the Appellant because the jurisdictional provisions of § 33-23-1(a) must be met before subsequent corrections or additions are permitted.
 Conclusion
As stated above, the Appellants have failed to perfect their appeal under Rhode Island General Law § 33-23-1 by not satisfying the requirements found in subsections (a)(1) and (a)(2) of that statute.
General Law § 33-23-1(e) specifically states that "[t]he deadlines of subsections (a)(1) and (a)(2) of this chapter are jurisdictional and may not be extended by either the probate court or the superior court, except for purposes of extending the time to file the transcript under subsection (c)." The Appellants' motion to extend the time to file the transcript was denied and no review of that denial has been sought.
Our Supreme Court, when construing § 33-23-1, has repeatedly held that "this statute is jurisdictional and failure to proceed within the time prescribed cannot be waived, . . . nor can it be overlooked by a sympathetic trial justice." In re Estate of Speight, 739 A.2d 229, 231 (R.I. 1999) (citing Yetner v. Corkery Genealogical, Inc., 706 A.2d 1331, 1332 (R.I. 1998)). Finally, this Court has before it no facts or circumstances which would persuade it to grant an extension or make any other declaration which would perfect an otherwise imperfect appeal.
Therefore, the Appellee's Motion to Dismiss the Appellants' appeal is granted and the Appellants' Counter-Motions are denied. Counsel for Appellee shall prepare an appropriate order and judgment.
[1] Rhode Island General Law § 33-23-1 (a) and (b) states:
 "Filing of claim of appeal, record, and reasons.
 "(a) Any person aggrieved by an order or decree of a probate court (hereinafter "appellant"), may, unless provisions be made to the contrary, appeal to the superior court for the county in which the probate court is established, by taking the following procedure:
 "(1) Within twenty (20) days after execution of the order or decree by the probate judge, the appellant shall file in the office of the clerk of the probate court a claim of appeal to the superior court and a request for a certified copy of the claim and the record of the proceedings appealed from, and shall pay the clerk his or her fees therefor."
 (2) Within thirty (30) days after the entry of the order or decree, the appellant shall file in the superior court a certified copy of the claim and record and the reasons of appeal specifically stated, to which reasons the appellant shall be restricted, unless, for cause shown, and with or without terms, the superior court shall allow amendments and additions thereto.
 "(3) The appellant shall file with the probate clerk an affidavit in proof of the filing and docketing of the probate appeal pursuant to the time deadlines set forth in section 33-23-1(a)(2).
 "(b) For purposes of this chapter, the "record of the proceedings appealed from" shall include copies of documents filed with the probate court and certified by the probate clerk which are relevant to the claim of appeal and the transcript (if any) of the relevant probate court proceedings. By stipulation of all parties who entered an appearance in the probate court proceedings, the record may be limited or shortened. Any party unreasonably refusing to limit or shorten the record may be taxed by the probate court for the additional cost. The superior court may require or permit subsequent corrections or additions to the record."
[2] Rhode Island General Laws §§ 33-23-1 (c), (e) and 9-21-6 provide:
 "33-23-1. Filing of claim of appeal, record, and reasons.
 . . .
 "(c) If the appellant ordered the transcript from the probate clerk within the twenty (20) day deadline of subsection (a)(1) and the transcript is unavailable for filing within the thirty (30) day deadline of subsection (a)(2), the superior court on appellant's motion shall grant an extension of such additional time reasonably necessary to complete the record.
 . . .
 "(e) The deadline of subsections (a)(1) and (a)(2) of this chapter are jurisdictional and may not be extended by either the probate court or the superior court, except for purposes of extending the time to file the transcript under subsection (c).
 "9-21-6. Allowance of appellate proceedings after time expired — When any person is aggrieved by an order, decree, decision, or judgment of the district court or of any probate court or town council from which an appeal or other review is available in the superior court and, because of accident, mistake, unforeseen cause, or excusable neglect has failed to claim his or her appeal, the superior court, if it appears that justice so requires, may, upon petition filed within ninety (90) days after the entry of the order, decree, decision, or judgment, allow an appeal to be taken and prosecuted upon such terms and conditions as the court may prescribe."
[3] Rhode Island General Laws § 33-23-12 provides:
 "33-23-12. Failure to perfect or prosecute appeal — If an appellant, having timely filed his or her reasons for appeal, fails to perfect his or her appeal within the time allowed by law or by the superior court, or to prosecute the appeal, the superior court, on motion of any person interested, may affirm the decree or order appealed from or make such other order or decree as justice may require."
[4] Rhode Island General Law § 33-22-31 states:
 "Form of order and decree.
 "(a) Every decision of a probate court shall be reduced to a written order or decree, promptly executed by the probate judge, entered and filed in a timely fashion by the probate clerk. No party can rely upon any action, inaction or instructions of the probate court nor take an appeal from any decision of the probate court that has not been reduced to a written order or decree duly executed by the probate judge.
 "(b) If a form of order or decree is not available for execution by the probate judge at the time of hearing, the court shall require the prevailing party to submit a proposed form of order or decree by regular mail to all parties who have entered an appearance in the matter. Absent written objection setting forth the reason for such objections by any such party within seven (7) days after mailing, the prevailing party shall file the original thereof with the probate court. Such order or decree shall contain a certificate that notice has been given pursuant to this subsection.;
 "(c) For all purposes, the effective date of an order or decree is the date executed by the probate judge and not the date of hearing."
[5] Attorney Ameen states in his Affidavit dated June 3, 2000: "Fearful that if we just assumed that the appeal period would not begin to run until a separate order or decree was entered after being mailed to us pursuant to probate procedure [R.I.G.L. § 33-22-31], then contestants would allege that the appeal had to be filed by April 24, 2000, it was decided that it was best to play it safe to file the claim of appeal with the probate court by April 24, 2000."
[6] Changes in Chapters 22 and 23 of Title 33 went into effect in July of 1996.